### TEXAS PACIFIC RAILWAY COMPANY v. G. A. JAMES.

#### No. 3196.

1. **Conductor and Passenger on Railway — Case in Judgment.** — James, a passenger, had paid his fare to Atlanta. He was asleep and did not stop there. After passing Atlanta he was put off the train. There was no evidence on the trial that he offered to pay his fare to the next station to the conductor, nor any fact from which the conductor could have inferred that he desired to do so. *Held*, error to refuse an instruction asked, "that it was not the duty of the company to carry the plaintiff to the next station unless he paid or offered to pay his fare to that point, and that unless the plaintiff tendered or offered to pay his fare to the next station the conductor had the right to put him off, provided the conductor had no reason to believe that the putting of him off at the particular place would injure him."

2. **Putting Passenger off Railway Train.** — If the conductor had the right to put the plaintiff off the car he could lawfully use only such force as was necessary to accomplish that object; and for any unnecessary violence the railway company would be liable. Damages, however, to be restricted to the direct consequences of that wrong, including as well physical pain as mental suffering resulting from accompanying insults, if any.

APPEAL from Cass. Tried below before Hon. JOHN L. SHEPPARD. The opinion states the case.

*F. H. Prendergast,* for appellant. — The court erred in refusing a special charge asked by the defendant, to the effect that the conductor had a right to put plaintiff off when he did unless plaintiff tendered or offered to pay his fare to the next station, unless the conductor had reason to believe that the putting of plaintiff off there would likely cause him injury.

*O' Neal & Son,* for appellee. — If, as plaintiff alleges, the defendant's agents ejected him, and in so doing cursed and abused plaintiff, and so ejected him over his protest, and that too without any demand of plaintiff to pay his fare to the next station, and caused the plaintiff to walk through the cold at night, and he was thereby injured, the defendant would be liable in damages. Railway v. Crispi, 73 Texas, 236; Dillingham v. Russell, 73 Texas, 47; Railway v. Casey, 52 Texas, 113; Railway v. Fixe, 2 Am. and Eng. Ry. Cases, p. 113.

GAINES, ASSOCIATE JUSTICE. — The appellee brought this suit against the appellant corporation to recover damages for being put off its train, and obtained a verdict and judgment. He was a passenger on the train from the Transcontinental junction to Atlanta, having purchased a ticket to the latter point. Having fallen asleep, he was carried past his destination. When the conductor went through the car to take up the tickets and to collect fares after leaving Atlanta, he asked appellee if he did not wish to get off at that place; and having

been answered in the affirmative, he stopped the train to put him off. Appellee testified: "I told the conductor, after looking out of the window of the car, that we were in Black Bayou bottom, one and one-half or two miles from Atlanta; that it was dark and cold, and that I did not want to get off there. I asked the conductor to let me go on to the next station. The conductor caught hold of me and said, 'You get off, you son of a bitch; you are trying to bum your way,' and pushed me off. I was willing to pay the conductor to carry me on to the next station." The conductor of the train testified, for the defendant, to the effect that no force was used to put the plaintiff off the train, and that he got off willingly. There was no evidence tending to show that the plaintiff offered to pay his fare to the next stopping place, nor was any fact proved from which the conductor could have inferred that he desired to do so.

Such being the evidence, counsel for the defendant asked the court to charge the jury to the effect that it was not the duty of the company to carry the plaintiff to the next station unless he paid or offered to pay his fare to that point; and also, that unless the plaintiff tendered or offered to pay his fare to the next station the conductor had the right to put him off; provided the conductor had no reason to believe that putting him off at the particular place would result in his injury. The court refused to give the instructions, and we are of the opinion that this was error.

The plaintiff's own neglect led to his being carried beyond his destination. He was not entitled to a free passage to the next station. He could have acquired that right by paying or offering to pay the fare. A formal tender was not necessary, nor even perhaps a specific offer to pay. But a mere willingness to pay, unaccompanied by word or act calculated to suggest to the conductor his desire to do so, was not in our opinion sufficient to place the conductor in the wrong in ejecting him from the train. He had already paid his fare to the conductor from Texarkana, where he boarded the train, to the junction where he bought his ticket to Atlanta, and therefore knew the fact that he could have been carried as far as he wished by simply paying the additional fare. There was no evidence tending to show that the conductor would not have carried him had he offered to do so; and in the absence of such evidence it is not to be presumed that the conductor would have unlawfully ejected him. According to his own version of the facts, he must have known that the conductor was laboring under the impression that he was attempting to secure further transportation without paying his way.

If the conductor had the right to put the plaintiff off the car, he could lawfully use only such force as was necessary to accomplish that object, and for any unnecessary violence the company would be liable. His damages in such a case would, however, be restricted to the direct

consequences of that wrong, and would include not only any physical pain he may have suffered as the direct result of the force, but also include any mental suffering which resulted from accompanying insults, if any such insults in fact accompanied it.    It would, however, not include compensation for his inconvenience in having to make his way back to Atlanta in the night-time, his suffering from the exposure to cold, or his sickness, if any, consequent upon that exposure.    If.the ejection had been wrongful, these would have been proper elements of damage, and the jury were instructed to give such damages in the event they found for the plaintiff.    In fact, the petition seems to have been predicated upon the theory that the plaintiff was unlawfully put off the train.    It is apparent, therefore, that the requested instructions were material and require a reversal of the judgment.

If the plaintiff was ejected with unnecessary violence and in an insulting manner, he is entitled to be compensated for the feeling of shame and mortification resulting therefrom as a part of his actual damages.    1 Sedg. on Dam., 8 ed., p. 65, et seq.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 20, 1891.