## Missouri, Kansas & Texas Railway Company
### v. J. F. Dawson.
#### No. 595.

1. **Evidence—Opinion—Hearsay.**—In an action against a railway company for damages for being ejected from a train, plaintiff's testimony, that after his return home the doctor he called in told him that his sickness was caused by his expulsion from the train, is inadmissible as being the mere expression of opinion of a person unsworn, and who was not shown to be in possession of the facts.

2. **Charge—Issue Not Made by Pleadings and Evidence.**—It was error to submit to the jury the question of time lost as an element of damage, where there was nothing in the pleadings and evidence on that point.

3. **Railway Company—Passenger Taking Wrong Train.**—Where a passenger through his own negligence takes a wrong train, it is not the duty of the railway company, upon the discovery of the mistake, to gratuitously carry him on to the next depot and return him to his starting point.

APPEAL from the County Court of Hill. Tried below before Hon. W. P. Cunningham.

*W. E. Spell* and *Stedman & Thompson*, for appellant.—1. If the doctor who treated him was entitled to give an opinion as to the cause of his sickness, it should have been done under oath and with opportunity for defendant to cross-examine, and what he may have told the appellee was hearsay and secondary. Railway v. Burke, 55 Texas, 323; Reed v. Railway, 45 N. Y., 575; 1 Greenl. on Ev., sec. 99; Rice on Ev., sec. 367.

2. The court erred in submitting to the jury the question of time lost as an element of damages, for the reason that there was no testimony showing the value of such lost time, and it was upon an issue not made by the pleading. Markham v. Caruthers, 47 Texas, 22; Railway v. Measles, 81 Texas, 474; Railway v. Irwin, 18 Am. and Eng. Ry. Cases, 294.

3. Dawson did not have a ticket entitling him to ride on the train to Fort Worth, and in the absence of an offer on his part to pay fare, it was not the duty of the company to carry him farther. Railway v. James, 82 Texas, 306; Railway v. Powell, 40 Ind., 984; Railway v. Beauchamp, 9 Am. and Eng. Ry. Cases, 307; Rorer on Rys., 984.

4. It was the duty of Dawson before boarding the train to have ascertained whether the train he was about to get on went to Dallas, and having failed to do so, he was guilty of negligence. Railway v. Beauchamp, 56 Texas, 239; Railway v. Applewhite, 52 Ind., 540; Railway

v. Nujen, 50 Ind., 141; Railway v. Randolph, 53 Ill., 510; Railway v. Pierce, 3 Am. and Eng. Ry. Cases, 340.

No brief for appellee reached the Reporter.

FINLEY, ASSOCIATE JUSTICE.—This case is briefed alone by appellant, and the statement of the case contained in appellant's brief is accepted as correct, which statement is as follows:

"J. F. Dawson brought suit in the County Court of Hill County, Texas, against Cross and Eddy, receivers of the Missouri, Kansas & Texas Railway Company, and the Missouri, Kansas & Texas Railway Company, for damages claimed to have resulted to him in May, 1891, by reason of having to get off a certain train and walk back to the town of Hillsboro. He alleged, that he went to the depot at Hillsboro and purchased a ticket over the line of said railway to Dallas, Texas, from the agent of the receivers of the company, and that the same depot was used for two branches of said railway, one of which extended to Dallas, Texas, and the other to Fort Worth, Texas. He further claimed in his said petition, that he did not know of the times of moving of the different trains, and that he inquired of one of the employes of said receivers whether or not a certain train then standing near the depot went to Dallas, and he was told that it did, and that he got upon said train, and after the train had run some distance the conductor came around and informed him that he was on the wrong train, and he was ejected from the same and required to walk back in the night through the darkness to Hillsboro.

"He claimed damages for injuries resulting to him by reason of falling down, and $10 expended for physicians, and $1 for costs incurred by him in remaining over at Hillsboro until 3 o'clock in the afternoon, and $2 for costs expended by him in having to remain in Dallas over night. There was an allegation that the railway company had, since the happening of the injuries, received the property from the receivers, and upon which property betterments, etc., have been expended.

"There was a general denial on the part of the receivers of the railway company, and an answer on the part of the railway company setting up a general denial, and a plea of contributory negligence, that plaintiff did not use the proper care and inquiry to ascertain the proper train on which to ride.

"The cause came on for trial March 8, 1893, and a jury found the following verdict: 'We the jury find for plaintiff in the sum of $250. G. W. Morrison, Foreman.' Upon which verdict the court rendered judgment, reciting, that it appeared to the court from the evidence that the receivers had been discharged, and the court adjudged and decreed that said receivers go hence without day and pay no costs, and rendered judgment against the defendant Missouri, Kansas & Texas Railway Company for the sum of $250. Appellant filed motion for

new trial, which was overruled, and notice of appeal having been given, brings the case to this court.''

*Opinion.*—The first assignment of error complains of the action of the court in permitting appellee to testify, over objection, that his doctor, whom he called in to see him after he returned home to Falls County, told him that his sickness was caused by his expulsion from the train.

The testimony of the witness amounted to a repetition of a statement made by a doctor, to the effect that his (appellee's) sickness was caused by his being ejected from the train. The statement was not connected with any facts whatever which would relieve it from the category of the mere expression of opinion of a person unsworn, and who was not in possession of the facts. The evidence was not admissible, and the court erred in not sustaining appellant's objection to the introduction of the same. Railway v. Burke, 55 Texas, 323; 1 Greenl. on Ev., sec. 99.

The next two assignments presented complain of the court for submitting to the jury the question of time lost as an element of damage. These assignments are well taken. There was no basis in the pleadings and none in the evidence justifying the submission of the matter of the loss of time as an element of damages proper to be considered by the jury.

It is also contended that the court erred in its charge, wherein it declared it to be the duty of the conductor to have taken plaintiff to the next depot, or a place where he could rest in comfort, and return to Hillsboro on the next train. This charge, it is contended, placed a greater burden on appellant than is required by law.

The evidence in the case shows that the plaintiff bought a ticket from Hillsboro to Dallas; that he got on the wrong train, without being misled by any employe of the railway company, and without making any inquiry of persons in charge of the train or in the employ of the company as to the proper train for him to take. When the conductor came around taking up tickets plaintiff handed to the conductor his ticket, and for the first time it was discovered that plaintiff had taken the Fort Worth train instead of the Dallas train. Appellee did not request that he should be carried to the next station; he did not propose to pay fare to the next station, but followed the dictation of the conductor in getting off the train when it was stopped for that purpose, and walked back to the depot. We think, under the evidence in this case, that the charge of the court was erroneous. It was the duty of the plaintiff to ascertain the right train before taking passage upon it, and if he negligently failed to do so and got upon the wrong train, the railway company only owed him the duty of ordinary care to refrain from injuring him. Railway v. James, 82 Texas, 306; Railway v. Powell, 40 Ind., 37; Railway v. Beauchamp, 9 Am. and Eng. Ry. Cases, 307; Rorer on Rys., 984.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 6, 1895.