St. Louis Southwestern Railway Company of Texas v. R. F. Ricketts et al.

Decided January 13, 1900.

**1. Contributory Negligence and Proximate Cause.**

It was error for the court to charge that if plaintiff and defendant were both guilty of negligence, and defendant's negligence was the proximate cause of the injury, plaintiff should recover, as this allowed the jury to find for plaintiff notwithstanding his negligence contributed to the injury.

**2. Same—Charge of Court—Issues.**

Where defendant pleaded that if plaintiffs, who claimed to have been wrongfully carried by their place of destination, were injured, as alleged, by remaining in a cold and damp depot at the next station, where they got off the train, it was caused by their own negligence in not leaving the train at their destination, and by their not seeking comfortable quarters that were available, such allegations, presenting distinct issues, should have been separately treated in the charge of the court.

**3. Same—Special Damages.**

Where there was evidence of special damage resulting from plaintiffs being carried by their destination, a charge authorizing a recovery though no damage is proven was inappropriate under the facts, and the proper elements of damage should have been stated.

**4. Same—Charge Needing No Qualification—Passenger Failing to Alight.**

A charge that if the train stopped at the passenger's destination long enough for him to alight and reasonable notice was duly given of its arrival there, and he failed through negligence to get off, he could not recover, since it fully stated the law on that point, should have been given without qualification.

**5. Same—Passenger—Keeping Depot Warmed.**

One who, through his own negligence, is carried beyond the point of his destination and alights at the next station is no longer a passenger, and the company does not

owe him the duty of keeping the depot where he alights warmed for an hour after the departure of the train.

**6. Same—Charge Held Applicable.**

In an action of damages by a passenger for being carried beyond his destination, the court should have charged, upon request, that it was plaintiff's duty to use his senses and take notice of the usual announcement of stations, and if, by reason of negligence, he failed to hear the notice given of the arrival of the train at his destination and remains on the train and is carried beyond, the fault is his, and the carrier is not liable therefor.

APPEAL from the County Court of Hunt. Tried below before Hon. L. A. CLARK, Special Judge.

*S. H. West* and *Perkins, Gilbert & Perkins,* for appellant.

*Evans & Elder* and *H. D. Wood,* for appellees.

FINLEY, CHIEF JUSTICE.—This suit was brought by appellees, R. F. Ricketts and his wife, S. B. Ricketts, against appellant, for damages claimed to have resulted to Mrs. S. B. Ricketts, caused by the negligence of appellant in this:

It is alleged by plaintiffs in their petition, in substance, that on the 30th day of October, 1897, they purchased two first-class passenger tickets from the agent of appellant at Greenville, Texas, to the town of Clinton, a station on appellant's railway. That about 2:30 a. m. plaintiff and his wife boarded appellant's train at Greenville, bound for said station. That plaintiffs were unacquainted with said station, and that the appellant, its agents and servants, negligently and carelessly failed to announce the station of Clinton, and failed to stop its train at said station, but carried them past said station to a station on said road called Nevada, where they were put off the train. That at this station appellant, its agents and servants, with full knowledge of all the circumstances surrounding their stopping at said station, the weather being cold and rainy, neglected to have any fire in or about said depot; that plaintiff and his wife were compelled to remain there about five hours in a cold room, without fire, and that by reason of said exposure plaintiff's wife was made sick and suffered the injuries complained of in plaintiff's petition.

The railway company, defendant, interposed special exceptions, a general denial, and special pleas of contributory negligence, etc. The trial resulted in a verdict and judgment in favor of the plaintiff for $700, and the defendant has appealed.

*Opinion.*—The fifth paragraph of the court's charge is complained of, and is in part as follows: "If defendant was guilty of negligence to plaintiff's damage, and if plaintiff was guilty of negligence which contributed to the injury or damage, defendant would not be liable for such damage or injury, unless it has been shown that the negligence, if any, of defendant's servants was the direct cause of the damage; nor

would plaintiff be entitled to recover for injury or special damage on account of defendant's negligence (if any there was) if he or his wife could have avoided the consequences of such negligence by the exercise of ordinary care and prudence on their part; that is, such care and prudence as an ordinarily careful and prudent person would have used under the circumstances." The charge is defective. In effect, it states that if both the defendant and plaintiff were guilty of negligence, and the defendant's negligence was the proximate cause of the damage, plaintiff was entitled to recover. Under this charge the jury might well have inferred it should find for plaintiff, notwithstanding plaintiff's negligence contributed to the injury. As a proposition of law this is not correct. Whenever damages are sought to be recovered upon the ground of negligence, contributory negligence is a complete defense. If the charge had required the jury to find that the negligence of the plaintiff was not proximate, and therefore did not contribute to the injury, the principle of law announced would have been sound, but the form of the charge and the manner of announcing the principle would still have been objectionable under the facts in this case. There were two phases of negligence on the part of the plaintiff pleaded by the defendant. It is pleaded that the station to which the tickets were purchased was distinctly announced on the arrival of the train at the station, Clinton; that the train was stopped a reasonable time for passengers to disembark, and that the failure of plaintiff and his wife to leave the cars was due to their own negligence. It is also pleaded that if they were exposed to cold and dampness after getting off at Nevada, this was due to their negligence in failing to avail themselves of comfortable accommodations alleged to have been available. These issues should have been distinctly and separately treated in the charge.

The remaining portion of this paragraph of the charge is also subject to objection. It authorizes a recovery though no damage is proven. The charge was not called for or appropriate under the facts of the case. Instead of it, the proper elements of damage which the jury were at liberty to consider should have been stated.

Again, the general arrangement of this charge mixes and confuses the issues and the propositions of law relating to the issues, and repeats matters already presented in the charge, and was calculated to confuse and mislead the jury.

The defendant asked this special charge: "You are instructed that it was the duty of the defendant to give plaintiff reasonably sufficient notice of the approach and arrival of the train at Clinton, and to afford him a reasonable opportunity to get off the train. That upon the arrival of said train at Clinton it was the duty of the plaintiff to alight from the train at said station. If, therefore, you find from the evidence, that the employes of defendant in charge of said train gave notice of the approach and arrival of said train at Clinton in the usual manner, and that the notice of such approach was given in a manner reasonably calculated to inform plaintiff of the arrival of said train at said station,

and if you further believe from the evidence that said train remained at said station a sufficient length of time to enable plaintiff to alight therefrom, and that he failed to do so, then the plaintiff would not be entitled to recover, and you should find a verdict for the defendant."

The court gave this charge, with the qualification that it should be considered in connection with the following special charge given at the instance of the plaintiff: "The plaintiff asks the court to charge the jury as follows: It was the duty of defendant railway company to keep its depot at Nevada warmed for the benefit of plaintiff and his wife at the time they arrived there for a period of not less than one hour after the departure of the train from which they alighted, and if you believe from the testimony that at said time, and for said period, there was insufficient fire in said depot to keep the same warm, taking into consideration the character of weather at said time, and if you further believe that plaintiff's wife, S. B. Ricketts while exercising ordinary care and prudence, was made sick by reason of defendant's failure to so keep said depot warm, then you are instructed that defendant would be liable for the damage caused by said sickness, and you should so find."

The charge given at the request of the appellant should not have been qualified, because it correctly and fully stated the law upon the point to which it was directed. The special charge given for plaintiff made the defendant liable for the exposure of his wife to cold and dampness at Nevada, independent of whether the employes of the defendant fully discharged the obligations of the carrier by announcing the station of Clinton and stopping the train a sufficient time for passengers to disembark. If the carrier transported the plaintiffs to the place of destination, made a reasonable and proper announcement of the station and stopped there a reasonable time for passengers to get off, and the failure of the plaintiffs to leave the cars was their fault, and not that of the carrier, the carrier had the right to put them off at Nevada, the next station, and owed them no affirmative duties thereafter. The plaintiffs could not recover damages for exposure after leaving the cars at Nevada, unless it be shown that the carrier was negligent in carrying them beyond their destination. If the carrier performed its obligations under the contract of carriage and it was the fault of plaintiffs that they were carried beyond Clinton, the relation of carrier and passenger ceased at Clinton, and the railway company owed them no affirmative obligations thereafter, such as are due to passengers. It would be held to the exercise of care to avoid injuring them, but would not be under duty to look out and provide for their comfort and protection after they had left the train. Railway v. James, 82 Texas, 306; Railway v. Perry, 8 Texas Civ. App., 80. The duty of keeping the depot properly warmed is an obligation imposed upon the carrier for the benefit of persons intending to become passengers, those awaiting the arrival of friends by trains to come, persons seeking information as to the arrival or departure of trains, and persons having occasion to be in the depot on account of business with the company of a character similar to that stated.

Ray, Neg. of Imposed Duties, pp. 124, 125. One to whom the company owes no affirmative duty can not recover damages resulting from failure to keep the depot room comfortably warm.

The appellant's counsel requested this special charge to the jury, which was refused: "You are instructed that it is the duty of a passenger on a railroad train to use his senses and take notice of the usual announcement of stations, and if by reason of his negligence the passenger fails to hear notice given of the arrival of the train at his place of destination, and remains on the train and is carried beyond, the fault is the passenger's, and the carrier is not liable therefor; if, therefore, you believe from the evidence that defendant's servants in charge of the train gave the usual announcements of stations as the train approached Clinton, and if by reason of plaintiff's negligence he failed to hear such announcement, and plaintiff remained on the train and was carried beyond, the fault was the plaintiff's, and the defendant is not liable therefor, and you should return a verdict in its favor." This charge should have been given.

On account of the errors indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*