## Watters v. Philadelphia, Baltimore and Washington Railroad Company, Appellant.

*Negligence—Railroads—Passengers—Passenger alighting at intermediate station—Case for jury.*

1. A passenger upon a railroad train, who without objection by the company or its agents, alights at an intermediate station, which is a station for the discharge and reception of passengers, for any usual and reasonable purpose, intending to resume his journey when the train starts, does not forfeit any of his rights as a passenger.

2. In an action by a passenger against a railroad company to recover damages for personal injuries it appeared that the plaintiff got off the car in which he was riding when the train was stopped at a water tank in a railroad yard, not a station, and was injured by stepping into an opening between the girders of a bridge upon which the train was standing. The plaintiff testified that when the train left the last station before the accident a trainman announced that the next stop would be a certain station; that when the train stopped he supposed he was at the station; and that while on the platform of the car he saw a light nearby which he supposed was at a station, and because of the darkness he saw nothing to indicate that the station had not been reached. Plain-

tiff's purpose in leaving the car was not disclosed and it did not appear that he did not intend to end his journey at the next station. *Held,* that the case was for the jury, and binding instructions for the defendant were properly refused.

Argued January 8, 1913. Appeal, No. 236, Jan. T., 1912, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1909, No. 4207, on verdict for plaintiff in case of Jesse Watters v. The Philadelphia, Baltimore and Washington Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The opinion of the Supreme Court states the case. Before WILLSON, P. J.

The jury found a verdict for plaintiff for $5,000, upon which judgment was subsequently entered. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's point for binding instructions.

*J. Hampton Barnes,* for appellant.—Under the evidence in the case the plaintiff had no right to leave the train at Oxford station: Margo v. Pennsylvania Railroad Co., 213 Pa. 463; Diggs v. Railroads Co., 156 Federal Reporter 564.

The appellee was guilty of contributory negligence: Farrell v. Great Northern Ry. Co., 46 Am. & Eng. R. R. Cases (N. S.), 408 (111 N. W. Repr. 388); Ouellette v. Grand Trunk Ry. Co., 60 Am. & Eng. R. R. Cases, (N. S.), 134 (76 Atl. Repr. 280).

*James Jay Gordon,* for appellee.—The testimony disclosed negligence on the part of the defendant in giving notice that the "next stop" would be Oxford, and then stopping the train on an open trestle bridge in the night time, without further notice that the station announced

had not been reached: Philadelphia, Wilmington & Balt. Railroad Co. v. McCormick, 124 Pa. 427; Englehaupt v. Erie Railroad Co., 209 Pa. 182; Brooks v. Philadelphia & Reading Railway Co., 218 Pa. 1.

The plaintiff did not cease to be a passenger by leaving the train at a station intermediate of the points between which his ticket gives him the right to ride: Parsons v. N. Y. C. & H. R. R. Co., 113 N. Y. 355 (21 N. E. Repr. 145); St. Louis, I. M. & S. Ry. Co. v. Glossup, 114 S. W. Repr. 247; Alabama, G. S. Ry. Co. v. Coggins, 88 Federal Reporter 458; Dodge v. Boston & Bangor Steamship Co., 148 Mass. 207 (19 N. E. Repr. 373).

OPINION BY MR. CHIEF JUSTICE FELL, March 10, 1913:

The plaintiff left Avondale in the morning on a special excursion train which ran to Perryville. On the return trip at night the train stopped at a water tank, in a railroad yard, a third of a mile south of Oxford, a station intermediate between Perryville and Avondale. The plaintiff got off the car in which he was riding and fell through a trestle bridge and was injured. He testified that when the train left Nottingham, a station three and a half miles south of Oxford, a trainman announced that the next stop would be at Oxford and that when the train stopped he supposed it was at Oxford; that while on the platform of the car he saw a light nearby that he supposed was a station light and because of the darkness he saw nothing to indicate that the station had not been reached; that the car in which he rode stopped on the bridge and that he stepped from the car directly into an opening between the girders. His purpose in leaving the car was not disclosed by the testimony.

The case as presented by the plaintiff and his witnesses was that of a passenger who left his car under a reasonable belief that it had reached a station at which he wished to get off and that while alighting was injured without fault on his part. It was submitted to the jury

with instructions that if the plaintiff was led by the announcement of the trainman to believe that the train had reached Oxford and there was nothing to indicate to him that it had not, he might assume that he could alight with safety, and in so doing he was entitled to the protection due a passenger, and that if in alighting from the car in the ordinary way, he stepped through an opening in the bridge at the foot of the step of the car, he was entitled to recover.

The position taken by the defendant at the trial and here, is that the same rules do not apply to the plaintiff that would have applied to a passenger for Oxford station or to one who had a ticket for a point beyond Oxford and intended to terminate his journey at Oxford. It is a sufficient answer to this to say that it did not appear that the plaintiff did not intend to end his journey at Oxford nor did it appear for what purpose he alighted. But we do not approve the view that a passenger who alights from his train at an intermediate station for any usual and reasonable purpose, intending to resume his journey when the train starts has forfeited any of his rights as a passenger. It is not unusual for passengers to get off trains at regular stations, not their destinations, for business purposes or exercise or relaxation. That by so doing they do not change their status as passengers and may rely upon an implied assurance of safety in alighting, has been held in Parsons v. N. Y. C. & H. R. R. Co., 113 N. Y. 355; St. Louis, Etc., Railway Co. v. Glossup, 114 S. W. Rep. (S. C. Arkansas) 247, and Alabama, Etc., Railway Co. v. Coggins, 88 Fed. Rep. 458. In the case last cited, it was said by TAFT, J., upon a review of the cases: "But we think the weight of authority, reason, and custom, all require us to hold that where a passenger, without objection by the company or its agents, alights at an intermediate station which is a station for the discharge and reception of passengers, for any reasonable and usual purpose, like that of refreshment, the send-

ing or receipt of telegrams, or of exercise by walking up and down the platform, or the like, he does not cease to be a passenger, and is justified in the belief that the company is exercising due care for his safety." There is no direct authority on the subject in this State, but there is nothing in any of our cases that suggests a different conclusion.

The judgment is affirmed.