ENOCH E. FAUBION, Respondent, v. MINNEAPOLIS, ST. PAUL, & SAULT STE. MARIE RAILWAY COMPANY, a Corporation, Appellant.

(177 N. W. 371.)

**Carriers — it was the duty of the defendant to carry the plaintiff safely and afford him safe place to alight.**

In an action for personal injuries, where the plaintiff became a passenger on a freight train to an accepted destination, and where, after arrival at such destination, the plaintiff, pursuant to direction of the defendant, alighted after the train had again started, upon the claim that the defendant had

NOTE.—While particular circumstances may, in some cases, justify the court in declaring, as a matter of law, that a passenger is negligent in alighting from a train while in motion, the general rule is that it is a question for the jury to determine, in view of all the circumstances of the particular case, as will be seen

failed to give notice of the arrival at destination, and that he was unaware of such arrival during the time the train was at rest, and where the plaintiff was injured by alighting in a hole, or uneven piece of ground, covered with ice and snow, it is *held:*

1. That it was the duty of the defendant to carry the plaintiff safely to his destination, and to afford him a reasonable opportunity to alight safely at such destination; that this included, as corollary duties, notification of arrival at his destination, and a reasonably safe place where the passenger should alight, or where he did alight, pursuant to the directions of the defendant.

**Carriers — defendant's failure to perform duty question for jury.**

2. That, upon the record, the failure of such duties on the part of the defendant, and the questions of the exercise of due care by the plaintiff, under the circumstances, were questions of fact for the jury.

Opinion filed March 30, 1920.

'Action in District Court, Ward County, *Leighton,* J., for personal injury.

From a judgment in favor of the plaintiff, and from an order denying judgment non obstante, or, in the alternative, for a new trial, the defendant has appealed.

Affirmed.

*John E. Greene* and *John L. Erdall,* for appellant.

*McGee & Goss,* for respondent.

BRONSON, J. *Statement.* This is an action for personal injuries against a common carrier. The defendant has appealed from the judgment entered upon a verdict of $1,000 for the plaintiff, and from the order of the trial court denying a judgment non obstante, or, in the alternative, for a new trial.

On February 6, 1918, the plaintiff purchased a ticket for transportation on the defendant railway from Minot to Burlington. His destination was Lloyds spur, a short distance beyond. He was advised by the depot agent that tickets were not sold to Lloyds spur, and that

by reviewing the authorities collated in 21 L.R.A. 715; 22 L.R.A. (N.S.) 741; and L.R.A.1915C, 181,—on negligence of passenger in getting on or off a moving train.

On duty of railroad company as to notification of passenger of arrival of train at station, see notes in 15 L.R.A. 347; and L.R.A.1915C, 664.

On duty and liability of carrier to passenger who alights at points other than regular stations, see note in 51 L.R.A. (N.S.) 904.

he should see the conductor about transportation to such destination. At Minot he boarded a train consisting of a caboose, and some sixteen box cars. The conductor advised him that the train would stop at Lloyds spur. He paid him the extra fare, and received a cash slip therefor. The plaintiff testified that after the train left Burlington it stopped for a time. He did not get off because he heard no announcement made, although he was waiting and listening for the station call, and because he did not see anything that looked like the spur. He saw a passenger get off, walk towards the engine, come back and get on the train. He saw nobody get off; the train then started to move. The brakeman, then on the platform, advised him it was the spur, and told him to get off there. That thereupon he went inside the caboose, got his overcoat, stepped out on the platform, and, immediately, while the train was moving about 2 miles per hour, alighted on the ground, and was thrown so as to break his wrist. That he stepped into a very rough place, covered with ice, a hole there, which caused him to fall. This was the first trip he had made on the train to this spur. Since that time he has made three such trips, and at each time the train stopped, and he alighted at this same place.

The defendants introduced testimony, through their conductor, brakemen, and others, as follows:

Lloyds spur is not a regular stop; it was simply a place for placing empty box cars for loading lignite coal; it had no station or platform; there was no designated place there to remove freight or passengers; on this evening there were some six passengers in the caboose; at this spur the caboose stopped some eighteen or twenty cars to the east thereof; and there it stood some ten or eleven minutes; the conductor made an announcement of arrival before the train stopped. All the passengers for Lloyds spur were unloaded safely; it was the duty of the conductor to see the passengers so unloaded; the conductor saw the plaintiff get off the train that night safely, and saw him going to the south when he left. The rear brakeman and the swing brakeman, both testified that they directed nobody to get off. The train despatcher, on the train, likewise testified that he saw nobody get off after the train stopped and started. A mail carrier, also a passenger on the train, testified that he did not notice whether the plaintiff got off. Another passenger, the Tipple boss for the Lignite coal mines, testified that he saw the plain-

tiff on the steps of the caboose when he walked past after the arrival at Lloyds spur.

*Contentions.*—The defendant principally specifies error upon the ground that there is no evidence to warrant any finding of defendant's negligence; that the trial court erroneously refused to instruct the jury (in substance) that no duty rested upon the defendant to provide a platform or particular place for passengers to alight; that passengers on this train assumed the risk of being required to get off at such places as the convenience of the train crew in the performance of their duties required; that the condition of ice and snow and unevenness of ground where the plaintiff alighted did not constitute negligence; that the trial court erred in charging the jury that it was the defendant's duty to provide a reasonably safe place where passengers might alight, and so as to permit recovery upon the failure of the defendant to announce the arrival at his destination, and through the act of plaintiff's alighting subsequently, while the train was in motion, upon the direction of defendant's agent.

*Decision.*—We have examined the instructions of the court and the record at length. We find no error in such instructions or the refusal of the trial court to instruct as the defendant requested. The plaintiff was a passenger. Comp. Laws 1913, § 4638, 3 Thomp. Neg. § 2666. It thereupon became the duty of the defendant, as a carrier, to carry the plaintiff safely to his destination, and to afford him a reasonable opportunity to alight safely at such destination. 3 Thomp. Neg. §§ 2720–2860; 10 C. J. 821, 822. This includes, as corollary duties, notification of arrival at the destination; a reasonably safe place where the passenger should alight or where he does alight, pursuant to the directions of the defendant. See 3 Thomp. Neg. § 2703; see notes in L.R.A. 1915C, 665; 15 L.R.A. 347; 22 L.R.A.(N.S.) 759; and L.R.A.1915C, 189; 10 C. J. 828; see Haug v. Great Northern R. Co. 8 N. D. 23, 25, 42 L.R.A. 664, 73 Am. St. Rep. 727, 77 N. W. 97, 5 Am. Neg. Rep. 467; Watters v. Philadelphia, B. & W. R. Co. 239 Pa. 492, 86 Atl. 1021; 51 L.R.A.(N.S.) 904. Whether the defendant failed to sufficiently notify the plaintiff of the arrival at his destination; whether the plaintiff should have alighted when the stop was made; whether the plaintiff was directed by the defendant to alight after the train started

again, at his destination; and whether the place where he alighted was reasonably safe for his discharge as a passenger,—were properly questions of fact upon this record for the jury.

Likewise the question of whether the plaintiff failed to exercise due care, under the circumstances, was a question of fact for the jury. Butler v. St. Paul & D. R. Co. 59 Minn. 135, 142, 60 N. W. 1090; 10 C. J. 1131. There was a direct and sharp conflict in the testimony upon all these material matters. These were questions for the jury, who evidently believed plaintiff's testimony. The judgment is affirmed, with costs to the respondent.

CHRISTIANSON, Ch. J., BIRDZELL and GRACE, JJ., concur.

ROBINSON, J. I dissent.