## HAVERBEKKEN v. JOHNSON et al.
### (No. 6528.)

(Court of Civil Appeals of Texas. Austin.
Feb. 7, 1923.)

**1. Trial ⬤⇒352(1)—Question submitting defendant's alleged assault on plaintiff misleading.**

In an action for damages for assault and battery against several defendants, where there was an issue submitted whether defendants, acting together with each other, made an assault on plaintiff and committed a battery by striking him with a stick, pick handle, and their fists, unless plaintiff was insisting on a conspiracy of defendants, the issue submitted should not have been as to their acting together, and the means used should have been stated as striking with either a stick, pick handle, or fists.

**2. Trial ⬤⇒350(3) — Issue of ownership of land where difficulty arose should be submitted.**

In action for damages for assault and battery, alleged as taking place on land where defendants were attempting to construct a culvert which plaintiff, acting for his father, who claimed the land, had forbidden them to do, if the evidence raised the issue of self-defense as to defendants, the issue as to ownership of the land should be submitted, as plaintiff had the right, if the land was his father's, to forbid the construction and could use force reasonably necessary to prevent it, and, if the jury found the land to belong to plaintiff's father, and that defendants struck in self-defense against threatened attack, the issue should be submitted whether they used more force than necessary.

**3. Evidence ⬤⇒314(2)—Evidence of doctor's statement while sewing up plaintiff's wounds hearsay.**

In an action for damages for assault and battery, evidence of a witness as to what the doctor said who sewed up the wounds on plaintiff's head was hearsay.

**4. Assault and battery ⬤⇒28, 39—Permitting evidence that defendant was road overseer acting under orders at time of alleged assault not error; mistake is defense to punitory damages.**

In an action for assault and battery, alleged as occurring on land claimed by plaintiff as his father's and by defendants as belonging to the county, permitting testimony that defendant was a road overseer and acting under the direction of the county commissioner was not error, and, while a mistake as to the ownership by defendant would not mitigate actual damages, yet if he were acting in good faith it would be a defense as to punitory damages.

Appeal from District Court, Coryell County; J. R. McClellan, Judge.

Action by Chris Haverbekken against Will Johnson and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded for new trial.

See, also, 228 S. W. 256.

S. C. Padelford, of Fort Worth, for appellant.

Jas. M. Robertson, of Meridian, for appellees.

JENKINS, J. Appellant sued appellees to recover damages on account of injuries inflicted, if any, by an alleged illegal assault and battery. The testimony of each of the appellees was to the effect that he struck appellant, and upon this testimony the appellant was entitled to a judgment, unless such assault was justified. It could not have been justified, except on the ground of self-defense, which issue was submitted to be answered by the jury only in the event that they found that no assault was committed; and, having found that no assault was committed upon appellant, they did not answer the question as to self-defense. Perhaps this verdict can be accounted for by the form of the question submitted, which was as follows:

"Did the defendants, Will Johnson, I. M. Solberg, and J. F. Speer, acting together with each other and about the time mentioned in plaintiff's petition, make an assault in and upon the person of the plaintiff, Chris Haverbekken, and commit a battery upon him, by striking him with a stick, pick handle, and their fists, as alleged by plaintiff in his petition? Answer this issue Yes or No, as you find the facts to be."

The evidence conclusively shows that the defendants were acting together, in that they each and all assaulted the appellant at the same time; each of them testified that they had no previous agreement to assault the appellant, and perhaps the jury may have understood that, unless there was a conspiracy on the part of the defendants to assault the appellant, they should answer the above question in the negative. Also it will be observed that the issue submitted was, Did appellees strike appellant with a stick, pick handle, and their fists? The jury may have understood that it was necessary to prove that appellees assaulted appellant by the use of all of the means named. Each of them testified that he assaulted appellant with his fists only.

[1] Unless appellant was insisting upon a conspiracy on the part of appellees, the issue submitted should not have been as to their acting together, and the means used should have been stated as by striking appellant with either a stick, pick handle, or their fists. It would also have been proper, if appellant had requested the same, to sub-

mit the issue separately as to each of them; for the reason that under the testimony the jury might possibly have found that appellee Speer acted in self-defense, but there was no testimony to indicate that the other appellees did so.

[2] Upon another trial of this issue, if the court is of the opinion that the evidence raises the issue of self-defense as to either or all of the defendants, the issue as to the ownership of the land where the difficulty occurred should be submitted. This for the reason that the assault occurred when appellant went to where the appellees and others were attempting to construct a culvert, and forbade them to do so; he claiming that the land was the property and in the possession of his father, who was present, and in whose behalf appellant was acting. Appellees denied that the land was either the property of or in the possession of appellant's father. If the land was the property of and in the possession of appellant's father, he had the right, not only to forbid them to construct the culvert thereon, but also to use such force as was reasonably necessary to prevent them from so doing. If the jury should find that the land belonged to appellant's father, and was in his possession, and that appellees struck appellant in their necessary self-defense, against a threatened attack on the part of appellant, the issue should be submitted as to whether they used more force than was reasonably necessary to protect themselves from such threatened assault.

[3] Appellant submits several propositions under his assignments of error as to the admission and rejection of testimony. There is no merit in these assignments. The court did not err as to permitting the testimony objected to by appellant and in refusing to allow a witness to testify as to what the doctor said who sewed up the wounds on appellant's head. This testimony was hearsay.

[4] Also, the court did not err in permitting testimony to the effect that appellee Speer was a road overseer, and that he was acting under the direction of the county commissioner in attempting to erect the culvert. The claim upon the part of the county commissioner was that the land belonged to the county, and also at that time he was claiming that the culvert was being erected on a public road. The Supreme Court at or near that time decided the issue as to the public road in favor of appellant. The jury might have found either way as to the ownership of the land. Appellant was suing, not only for actual, but also for punitory, damages; and, while a mistake as to a question of law on the part of appellees would neither justify nor mitigate the actual damages, yet such a mistake, if they were acting in good faith, would be a defense as to punitory damages.

There is no merit in the contention of appellant that certain testimony excluded by the court was opinion evidence and in reply to leading questions.

For the reason that the verdict in this case was against the uncontradicted evidence, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.