
TRADERS & GENERAL INSURANCE
COMPANY, Appellant,

v.

Eli WHEELER, Appellee.

No. 5035.

Court of Civil Appeals of Texas.

El Paso.

July 21, 1954.

Rehearing Denied Sept. 22, 1954.

McDonald & Shafer, Odessa, Dan P. Johnston, Dallas, on brief, for appellant.

Favor & Barnes, Jasper, for appellee.

HAMILTON, Chief Justice.

This is a workmen's compensation case. Eli Wheeler, appellee here and plaintiff below, sued Traders & General Insurance Company, appellant here and defendant below, in the 83rd District Court of Upton County, Texas, for accidental personal injuries received by him on or about June 1, 1952, while employed by the Wilshire Oil Company, Inc., alleging total and permanent disability and seeking compensation at the rate of $25.00 per week for 401 weeks, in a lump sum. Trial was to a jury on special issues, resulting in a verdict for plaintiff for total and permanent disability to be calculated on a wage rate of $20 per day. Based upon the jury verdict, judgment was entered for plaintiff in the sum of $9,117.25, with interest from October 17, 1953. The case is now before this court on appeal.

In appellant's first point it complains that the trial court erred in permitting plaintiff and his wife to testify over appellant's timely objection that defendant's medical witness had told plaintiff and his wife that the plaintiff had sustained a broken bone in his spine. It appears from the record that some two months after plaintiff had sustained the injury while working in Upton County, he went back to his home town, Jasper, Texas, and went to see Dr. A. J. Richardson, Jr., whose father had previously been the family doctor for plaintiff's family. The doctor examined the plaintiff; took some X-ray pictures of his back. Plaintiff testified that he went to the doctor's office for the purpose of receiving treatment. The doctor, however, did not give any treatment to plaintiff. Shortly prior to the trial of this case plaintiff was sent by appellant to said doctor for re-examination for the purpose of testifying in this case. Said doctor's testimony was taken by deposition, which deposition was used at the trial. The doctor testified substantially as a result of

each of the examinations he found no evidence of an injury to plaintiff's back that would be disabling, and in fact found no evidence of any injury to plaintiff's back. Appellant introduced evidence of Dr. Cooper, who had examined plaintiff and treated him at the time of the injury. Dr. Cooper's testimony was substantially that of Dr. Richardson. Appellees put on Dr. J. J. McGrath, whose evidence was sharply in conflict with that of Dr. Richardson and Dr. Cooper. After defendant had rested plaintiff was called back to the stand by plaintiff's counsel, and over the objection of appellant was asked the question, after referring to his first examination by Dr. Richardson:

"What did Dr. A. J. Richardson, Jr., tell you was the trouble with you? A. He told me that I had a little chip on the vertebra going into the spine, connecting to the spine or something—I don't know just his medical terms for it."

Likewise, plaintiff's wife, who testified that she was present on said first examination, over the objection of appellant was asked the question:

"What, if anything, did Dr. Richardson tell your husband was wrong with him as revealed by the X-ray films that were taken? What did he say? A. He said there was a cracked place on the left wing-tip of the spine."

■ ▆▆▆▆ This testimony was offered as rebuttal to Dr. Richardson's testimony. No attempt was made to lay a predicate for the impeachment of Dr. Richardson and such testimony was not offered as an impeachment of his testimony. We think such testimony is plainly hearsay and is inadmissable. It does not come under any of the exceptions of the hearsay rule. Appellee contends that since appellee went to the doctor for the purpose of receiving treatment that he was the treating doctor, and that statements of the treating doctor while treating a patient is an exception of the hearsay rule. The two cases relied upon by appellee are Texas Employers' Insurance Association v. Knouff, Tex.Civ.App., 297 S.W. 799, reversed on other grounds, Tex. Com.App., 7 S.W.2d 68; and Texas Employers' Insurance Association v. Mallard, Tex.Civ.App., 180 S.W.2d 381, reversed on other grounds 143 Tex. 77, 182 S.W.2d 1000. Both of these cases involve proof of statements made by doctors while in the actual process of treating their patients. Distinction has been made between treating doctors and non-treating doctors, but such distinction has grown up in our jurisprudence with reference to statements made to the doctors by their patients, rather than statements made by the doctors with reference to the bodily condition of the patients. In the Knouff case above the court allowed the patient to testify the doctor told her that she had a misplaced kidney and was treating her for a misplaced kidney. In the Mallard case above the court allowed to be introduced the statement of a doctor that the patient could go back to work on light duty. Of course these statements in the above cases were plainly hearsay; to be admissable would have to be an exception to the hearsay rule. However, we find these two decisions to be in the minority. The great weight of authority in Texas and in other jurisdictions of the United States holds that unsworn statements made by doctors with reference to the bodily condition of patients is hearsay and inadmissible. Texas decisions on this point following the general rule are: Missouri, K. & T. Ry. Co. of Texas v. Criswell, 34 Tex.Civ.App. 278, 78 S.W. 388; Texas Power & Light Co. v. Burger, Tex.Civ.App., 166 S.W. 680, wr. ref.; Haverbekken v. Johnson, Tex.Civ.App., 248 S.W. 102; Gulf, C. & S. F. Ry. Co. v. Baldwin, Tex. Civ.App., 2 S.W.2d 520; Dallas Hotel Co. v. McCue, Tex.Civ.App., 25 S.W.2d 902; Missouri, K. & T. R. Co. v. Dawson, 10 Tex.Civ.App. 19, 29 S.W. 1106.

We have made a thorough search of cases in other jurisdictions and without exception such cases hold an unsworn statement of a physician concerning the bodily condition of a patient is hearsay, and is inadmissible. Luke v. United States, 5 Cir., 84 F.2d 823; Progressive Life Ins Co. v. Hulbert,

196 Ark. 352, 118 S.W.2d 268; In re Hess' Estate, 183 Cal. 589, 192 P. 35; Duffy v. Duffy, 71 Cal.App. 251, 235 P. 62; Zipus v. United Rys. & Elec. Co. of Baltimore City, 135 Md. 297, 108 A. 884; Tevis v. Procter & Gamble Distr. Co., 21 Tenn.App. 494, 113 S.W.2d 64.

In 31 C.J.S., Evidence, § 242, p. 991, we find the following:

"Statements of third persons. An unsworn statement of a third person cannot be direct evidence of the existence of a particular bodily condition in men or in animals, although declarant was intimately acquainted with the facts. The fact that the declaration was made in the presence of the person to whose bodily condition it related does not render it admissible, unless in the latter case his acquiescence was in the nature of an admission, in which event the statement may be used against him."

The two Texas cases, Texas Employers' Ins. Ass'n v. Knouff and Texas Employers' Insurance Ass'n v. Mallard, supra, are the only decisions we have found that hold that a statement of a doctor made while treating a patient may be admitted as an exception to the hearsay rule. Neither of these cases give any reason whatsoever why such exception should be made. We can think of no good reason why there should be any such exception made to the hearsay rule.

There are definite and sound reasons why certain classes of declarations made by patients to their physicians are admissable as an exception to the hearsay rule. We do not feel that a discussion of them here is necessary, but we refer to the Texas Law of Evidence, by McCormick & Ray, pages 481 to 493 for a full discussion as to such reasons. Suffice it to quote from one paragraph in said work of McCormick and Ray, § 388, page 487:

"As the reason for the exception implies, the declarations contemplated are those which describe a bodily con-

dition of the declarant, not someone else. Consequently, not even the declarations of a physician with regard to his patient would be admissable."

Therefore, following the great weight of authority both in this state and other states we hold that the trial court erred in not sustaining the objections to the testimony of appellee and his wife as to statements made by Dr. A. J. Richardson, Jr., while examining appellee.

Since the whole controversy in this law suit is as to whether or not appellee had a disabling injury in his back, it is not necessary, that we discuss the probable effect of such objectionable testimony upon the verdict of the jury, except to say that such testimony was harmful. We overrule appellant's points 2, 3 and 4 without discussion.

The judgment of the trial court is reversed and the cause remanded for a new trial.