**Frank PAPPAS, Jr., Appellant,**

v.

**GUARANTEE INSURANCE COMPANY, Appellee.**

No. 15237.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1955.

Rehearing Denied Feb. 3, 1955.

Donald V. Yarborough, W. E. Johnson, White & Yarborough, Dallas, Tex., for appellant.

Philip L. Kelton, Hobert Price, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

DAWKINS, District Judge.

The plaintiff in a workmen's compensation suit has appealed from a verdict and judgment in his favor for eighteen weeks partial disability of fifty percent. He complains that the Court erred: (1) in admitting into evidence over his objection an unsigned memorandum from a doctor who was not present during the trial; and (2) in instructing the jury only on partial and temporary disability when the evidence clearly raised an issue of total and permanent disability.

At the time of his accident, which was admitted, plaintiff was employed by Palmer Meat Company, whose compensation risk was insured by the appellee herein. He testified that while he was carrying a package of meat weighing over one hundred pounds, the wire on the box broke, and in attempting to prevent the contents from falling, he sustained a sublaxation of the fifth lumbar vertebra and the first sacral vertebra. It was also shown he sustained abrasions and bruises to the lower abdomen.

Appellee denied that plaintiff had suffered any injury to his back and during the course of the trial called as a witness Mrs. Palmer, the wife of the owner of the company for whom plaintiff was working. She was the bookkeeper; and testified that when plaintiff reported his injury, he was sent to Dr. L. A. Kregel for examination and asked to get a memorandum or report from the doctor; that when plaintiff returned "he brought me a little slip of paper * * *". The memorandum, only an ordinary piece of paper, was unsigned and contained only the following notation: "Frank Pappas —Strain left side—Hematoma (Blood Clot) left groin with subsequent infection—2nd report 7–20–53." Counsel for plaintiff vigorously objected to the introduction of this memorandum for the reason that it was unsigned, improperly identified and was hearsay. He further pointed out to the Court that the doctor was not a witness and was not subject to cross-examination as to the contents of the document. After some discussion the trial judge ruled the document admissible, apparently for the reason that it had been delivered to appellee by plaintiff personally.

There is no evidence whatever in this record to indicate that the plaintiff had read or otherwise knew what was written on the document, nor does it appear whether or not the plaintiff made any complaint to Dr. Kregel about an injury to his back. The document was unsigned and apparently was not even written on the letterhead or office stationery of the doctor. It was delivered by plaintiff to appellee at the latter's request and apparently purported to be some sort of report from the physician (selected by appellee) directed to appellee. There is nothing to show that it was intended to be a complete diagnostic report, or even that it purported to be a summary of what the doctor told plaintiff. And, of course, the doctor was not available for cross-examination. We think it was clearly hearsay and should not have been admitted. Seals v. United States, 5 Cir., 70 F.2d 519; Luke v. United States, 5 Cir., 84 F.2d 823; United States v. Two Acres of Land, 7 Cir., 144 F.2d 207; Good Holding Co. v. Boswell, 5 Cir., 173 F.2d 395; Traders & General Ins. Co. v. Wheeler, Tex.Civ. App., 271 S.W.2d 679.

Appellee cites Texas authorities[1] in support of its contention that this document comes within an exception to the hearsay rule. Those authorities, however, hold that statements by his physician *made to the injured person* while treating him are admissible; and the two cases cited have been rather severely criticized in the recent case of Traders & General Ins. Co. v. Wheeler, supra. Here, as we have said, it was not shown that the remarks contained on the document were made to the plaintiff, nor was it plaintiff who was attempting to relate the doctor's statement. The bare fact that plaintiff delivered the document to the appellee is not sufficient to bring it within any recognized exception.

Appellee further argues that even if the document were inadmissible, the error was harmless because the plaintiff himself had testified as to the substance of his conversation with Dr. Kregel. In a pre-trial deposition, while plaintiff was being questioned by counsel for appellee, the following colloquy occurred:

"Q. You didn't go back to your old job? A. No, sir.

"Q. Why didn't you do that? A. Well, the doctor told me not to lift anything.

"Q. Was that because of your stomach? A. That is right."

During the trial one of appellee's defenses was that plaintiff had not sustained an injury to his back in the accident, and in brief it argues that the doctor's memorandum was admissible to contradict plaintiff on this point. There is nothing in plaintiff's testimony, either in the deposition or during the trial, from which it can be concluded that plaintiff did not complain to Dr. Kregel of his back or that Dr. Kregel found no back injury. The admission of the doctor's memorandum gave rise to the inference, argued by appellee, that he had not found any such injury. Therefore, we think the admission of the document was harmful to plaintiff's case.

Having decided that the judgment must be reversed because of the erroneous admission of the doctor's memorandum, we do not deem it necessary to pass upon the sufficiency of the evidence raised by the second alleged error. The matter is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

1. 17 Tex.Jur. 245; Texas Employers' Insurance Ass'n v. Knouff, Tex.Civ.App., 297 S.W. 799; Texas Employers' Insurance Ass'n v. Mallard, Tex.Civ.App., 180 S.W.2d 381.