

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00235-CR

Nathan Manuel **CANALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 18-07-12935-CR
Honorable H. Paul Canales, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: May 6, 2020

AFFIRMED

Nathan Manuel Canales was convicted by a jury of assault on a public servant. The sole issue presented on appeal is whether the trial court's judgment should be reversed because the trial court erred in admitting hearsay testimony. We affirm the trial court's judgment.

## BACKGROUND

Canales was a prison inmate when he struck Officer Frank Guerrero on the left side of his face with a closed fist. At the time, Officer Guerrero and two other corrections officers were investigating suspicious activity in Canales's prison cell. Officer Guerrero was in the process of

inspecting Canales's pants for contraband, and all three officers testified the assault was unprovoked. After the assault, Canales told one of the corrections officers that he had just "tripped out."

After Officer Guerrero testified he experienced a lot of pain when Canales struck him, the following exchange occurred:

Q. Did you end up needing to seek any medical care for your injuries?
A. Yes, sir, I did.
Q. Tell the jury about that.
A. I went to the medical unit, and the doctor that I saw said that I have a contusion below my —

At that point, defense counsel objected on the basis of hearsay. The State argued the testimony was admissible under an exception to the hearsay rule for medical diagnosis, and defense counsel countered the exception did not allow Officer Guerrero to testify as to what the doctor told him. After the trial court overruled the objection, the State asked Officer Guerrero what the doctor told him, and Officer Guerrero testified:

A. The doctor's prognosis was I had a contusion and a bone strain. And then I went to see an oral surgeon, and the oral surgeon did say also that I had two broken teeth at the gumline and that's where my pain was coming from, the two broken teeth. Other than that, that's all it was.

Officer Guerrero further testified he still experienced pain from where he was struck. A photograph showing the injury to Officer Guerrero's face was admitted into evidence. Officer Guerrero stated the assault caused him to be more cautious around inmates. On cross-examination, defense counsel asked Officer Guerrero if he had any medical records documenting what the doctors told him, and Officer Guerrero responded the only documentation was at the oral surgeon's office.

During the punishment phase of trial, Canales pled true to the two enhancement paragraphs in the indictment, and the judgments from his two prior convictions for aggravated robbery with a

deadly weapon were admitted into evidence. Canales was sentenced to seven years' imprisonment for each offense.

The only witness to testify during punishment, Investigator Gene McIntyre, testified Canales assaulted another corrections officer, Officer Gabriel Flores, three days after he assaulted Officer Guerrero. An audio tape of Investigator McIntyre's interview of Canales following the assault was admitted into evidence. In the interview, Canales stated he was placed in pre-hearing detention after assaulting Officer Guerrero and was upset because he did not have his personal property. Canales admitted hitting Officer Flores in the mouth. Investigator McIntyre testified that assaults of officers by inmates compromise security and make the assaulted officers targets for other inmates. He also agreed such assaults are a "contagious problem."

The range of punishment was two to twenty years in prison. After hearing the evidence, the jury assessed Canales's punishment at eighteen years, and the trial court sentenced him accordingly.

## DISCUSSION

As previously noted, the sole issue presented on appeal is whether the trial court's judgment should be reversed because the trial court erred in admitting the hearsay testimony about what the doctors told Officer Guerrero. The State contends the issue was waived by defense counsel referencing the statements during cross-examination. Alternatively, the State contends any error was harmless.

We review a trial court's ruling on an objection to hearsay under an abuse of discretion standard. *Rhomer v. State*, 569 S.W.3d 664, 677 (Tex. Crim. App. 2019); *Saavedra v. State*, 297 S.W.3d 342, 349 (Tex. Crim. App. 2009). "An abuse of discretion in admitting evidence occurs when the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Rhomer*, 569 S.W.3d at 677.

Texas Rule of Evidence 803(4) allows out-of-court hearsay statements made by a declarant for medical diagnosis or treatment to be admitted as an exception to the hearsay rule if the statement "describes medical history; past or present symptoms or sensations; their inception; or their general cause." TEX. R. EVID. 803(4). "The essential 'qualification' expressed in the rule is that the declarant believe that the information he conveys will ultimately be utilized in diagnosis or treatment of a condition from which the declarant is suffering, so that his selfish motive for truthfulness can be trusted." *Taylor v. State*, 268 S.W.3d 571, 587 (Tex. Crim. App. 2008). Thus, the rule excepts statements made by a person seeking a medical diagnosis or treatment — not statements a doctor makes to a person about that person's medical diagnosis or treatment. *See id*.; *Argonaut Sw. Ins. Co. v. Morris*, 420 S.W.2d 760, 763 (Tex. Civ. App.—Austin 1967, writ ref'd n.r.e.) ("It is quite true that unsworn, out of court statements made by doctors with reference to the physical conditions of their patients is hearsay and inadmissible."); *Traders & Gen. Ins. Co. v. Wheeler*, 271 S.W.2d 679, 680 (Tex. Civ. App.—El Paso 1954, writ ref'd n.r.e.) ("The great weight of authority in Texas and in other jurisdictions of the United States holds that unsworn statements made by doctors with reference to the bodily condition of patients is hearsay and inadmissible."). Accordingly, the trial court erred in overruling Canales's hearsay objection.

The State contends Canales waived this complaint when defense counsel asked Officer Guerrero about documentation on cross-examination. We disagree. Although "overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling," "the harmful effect of improperly admitted evidence is not cured by the fact that the defendant sought to meet, destroy, or explain it by introducing rebutting evidence." *Leday v. State*, 983 S.W.2d 713, 718–19 (Tex. Crim. App. 1998). Defense counsel's questions on cross-examination were an effort to meet or discredit the testimony by pointing to the absence of any corroborating documentation.

Although the trial court erred in admitting the hearsay testimony, the error "must be disregarded" unless it affected Canales's substantial rights." TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). "[S]ubstantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (internal quotation marks omitted). "In assessing the likelihood that the jury's decision was adversely affected by the error, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Id*. "The reviewing court may also consider the jury instructions, the State's theory and any defensive theories, closing arguments and even voir dire, if applicable." *Id*. at 355–56. "[W]hether the State emphasized the error can [also] be a factor." *Id*. at 356.

Here, Canales concedes the admission of the hearsay testimony did not have a substantial and injurious effect or influence on the jury's guilty verdict. Instead, Canales contends the hearsay testimony had such an effect or influence on the punishment assessed by the jury because the testimony regarding the extent of Officer Guerrero's injuries made Canales appear "exceedingly dangerous." We disagree.

The victim and two other officers testified that Canales punched Officer Guerrero while he was focused on searching Canales's pants. A photograph of the injury was admitted into evidence, and Officer Guerrero stated he experienced a lot of pain when Canales struck him and continues to experience pain. The assault was unprovoked, and the only explanation Canales offered for

striking Officer Guerrero was that he "tripped out." Officer Guerrero testified he is more cautious around inmates as a result of the assault.

At the punishment phase of trial, the evidence established Canales had two prior convictions for aggravated robbery with a deadly weapon for which he was serving seven-year sentences. Evidence was also presented that Canales assaulted Officer Flores just three days after he assaulted Officer Guerrero. The jury heard Canales state during his interview that he hit Officer Flores in the mouth because he wanted his property back. Canales did not have access to his property because he was in pre-hearing detention for assaulting Officer Guerrero. The jury also heard Investigator McIntyre testify about the dangers created when an inmate assaults an officer.

Although Canales's brief quotes references made to medical attention during voir dire, those references were made in discussing the definition of bodily injury as an element of the assault offense and the type of evidence necessary to prove it. Defense counsel's closing argument focused on a plea for a sentence at the lower end of the punishment range, while the State focused on Canales's prior convictions and the need to protect corrections officers doing their job. Although the absence of medical records and the injuries suffered by Officer Guerrero were referenced during arguments at the guilt/innocence phase of trial, they were not referenced during arguments at the punishment phase. Therefore, "after examining the record as a whole," we have a "fair assurance that the [admission of the hearsay testimony] did not influence the jury, or had but a slight effect." *Motilla*, 78 S.W.3d at 355.

## CONCLUSION

The trial court's judgment is affirmed.

Irene Rios, Justice

DO NOT PUBLISH