## McCANNON v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
November 14, 1927.

No. 7663.

**Criminal law ⊙⇒1159(2)—Appellate court will not ordinarily review question of sufficiency of evidence.**

An appellate court will not decide question of sufficiency of evidence, in absence of request for instructed verdict, unless there is a total absence of evidence and the court is satisfied that there has been a miscarriage of justice.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Criminal prosecution by the United States against Claude McCannon. Judgment of conviction, and defendant brings error. Affirmed.

Troy W. Griffin, of Ponca City, Okl., for plaintiff in error.

Roy St. Lewis, U. S. Atty., and Leslie E. Salter, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and OTIS, District Judges.

VAN VALKENBURGH, Circuit Judge. Plaintiff in error was tried in the District Court for the Western District of Oklahoma upon the single charge of selling intoxicating liquor contrary to law. In his brief counsel makes this statement:

"The only proposition urged for a reversal in this case will be based upon the second assignment of error, which challenges the existence of any substantial evidence to sustain the conviction."

The case then falls within the rule, so often announced by this court, that an appellate court will not decide the question of the sufficiency of the evidence, in the absence of a request for an instructed verdict, unless there is a total absence of evidence and the court is satisfied that there has been a miscarriage of justice. Feinberg v. United States (C. C. A. 8) 2 F.(2d) 955; Critzer v. United States (C. C. A. 9) 8 F.(2d) 266; Palazini v. United States (C. C. A. 1) 14 F.(2d) 886.

Not only was no demurrer interposed to the government's evidence at the close of the government's case, but neither demurrer was filed nor request made for a directed verdict of not guilty at the close of all the evidence. An inspection of the record discloses that there was ample evidence to support the verdict and no miscarriage of justice is perceived.

The judgment accordingly should be and is affirmed.

---

## HIRSCH & BRO. et al. v. COHEN & BROWN et al.*

Circuit Court of Appeals, Fifth Circuit.
Dec. 9, 1927.

No. 5083.

**Bankruptcy ⊙⇒450½—Question on appeal from decree dismissing petition for bankruptcy becomes moot, on debtor being adjudged bankrupt in other proceedings.**

Where, pending appeal from decree dismissing involuntary petition for bankruptcy, relief sought was obtained as result of debtor being adjudged bankrupt on involuntary petition filed by other creditors, question raised by appeal was moot.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Involuntary petition by Hirsch & Bro. and others praying that Cohen & Brown, a partnership, be adjudged bankrupt, wherein other creditors moved for dismissal. Decree of dismissal, and petitioners appeal. On motion to dismiss appeal. Dismissed.

Herschel P. Cobb, of Savannah, Ga., for appellants.

J. N. Morris and Herbert U. Feibelman, both of Miami, Fla., and Sol Weiss, of New Orleans, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. This is an appeal from a decree dismissing an involuntary petition, praying that Cohen & Brown, a partnership, be adjudged bankrupt, which decree was rendered in pursuance of a motion made by other creditors of the alleged bankrupt. On a motion to dismiss the appeal it was disclosed that, after the rendition of the decree appealed from, the alleged bankrupt was adjudged bankrupt on an involuntary petition filed by other creditors. The relief sought by the involuntary petition of the appellants, namely, that the debtor be adjudged bankrupt, having been obtained as a result of the adjudication mentioned, the question raised by the appeal is now moot.

The appeal is dismissed.

*Rehearing denied January 13, 1928.