### SEALS v. UNITED STATES.
### No. 6963.

Circuit Court of Appeals, Fifth Circuit.

April 24, 1934.

520

Richard B. Montgomery, Jr., of New Orleans, La., and K. Hundley, of Alexandria, La., for appellant.

Philip H. Mecom, U. S. Atty., and Elmer A. Mottet, Asst. U. S. Atty., both of Shreveport, La., and Fendall Marbury, of Washington, D. C., Atty., Department of Justice, for the United States.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This action was brought in June, 1931, on a war risk insurance policy which was issued to appellant prior to his discharge from the Army on March 31, 1919, and which was not kept in force by the payment of premiums after the month of May, 1919. Verdict and judgment were rendered in favor of the appellee following the denial of a motion made by the appellant upon the conclusion of the evidence that a verdict in his favor be directed. Appellant's claim that he was entitled to a reversal of the judgment was based upon the above-mentioned ruling, upon the action of the court in sustaining an objection to the admission of an affidavit, described below, which was offered in evidence by the appellant, and upon the overruling of appellant's motion for a new trial.

█ The record furnishes no justification for the contention made in behalf of the appellant that uncontroverted evidence showed that he became totally and permanently disabled while the policy was in force. The evidence relied on by the appellant to support a finding that he was totally and permanently disabled before the lapse of the policy was controverted in material respects by other evidence, which other evidence included statements contained in written instruments signed by the appellant, which statements materially conflicted with testimony given by the appellant in the trial. Appellant admitted that he signed those instruments, and there was testimony tending to prove that appellant signed them after the contents thereof were read by or to him. It is not fairly open to dispute that a phase of the evidence produced in the trial negatived the conclusion that appellant was totally and permanently disabled while the policy was in force. We think no good purpose would be served by setting out that evidence or further discussing it. It is enough to say that the evidence as a whole was such that the court is not chargeable with error for refusing to direct a verdict in favor of the appellant. Walters v. United States (C. C. A.) 63 F.(2d) 299; Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492.

█ The appellant offered in evidence an affidavit of Dr. F. N. Brian, found in the government files, showing that the affiant treated appellant for pulmonary tuberculosis from April, 1919, when he had just returned from the Army, to September, 1920, the date of the affidavit. This offer was accompanied by evidence that Dr. Brian had died before the time of the trial. The court sustained an objection to the evidence. Such a statement by a person who is not sworn as a witness and made subject to cross-examination is inadmissible under the rule as to hearsay evidence, unless it comes within a recognized exception to that rule, one of those exceptions being the case of a statement made by a public functionary in the course of official duty. United States v. Timmons, 68 F.(2d) 654 (C. C. A. 5, January 31, 1934). The evidence in question was not shown to be within that or any other recognized exception to the hearsay rule. So far as appeared the affiant, in making the affidavit, was not acting in any official capacity or in the performance of any public duty. Error was not committed in sustaining the objection to the admission in evidence of that affidavit.

█ The court's action in denying appellant's motion for a new trial is not subject to be reviewed by this court. Fitzgerald & M. Construction Co. v. Fitzgerald, 137 U. S. 98, 11 S. Ct. 36, 34 L. Ed. 608.

The record shows no reversible error. The judgment is affirmed.