## UNITED STATES v. BUCK.
### No. 7065.

Circuit Court of Appeals, Fifth Circuit.
May 22, 1934.

Randolph C. Shaw, Sp. Asst. to Atty. Gen., and Alex C. Birch, U. S. Atty., and J. E. Meredith, Asst. U. S. Atty., both of Mobile, Ala.

Robt. T. Ervin, Jr., of Mobile, Ala., and Hubert M. Hall, of Bay Minette, Ala., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Clifton Buck was discharged from the army in March, 1919, with chronic bronchitis, and was rated ten per cent. disabled. He then ceased paying premiums on his war risk insurance. In August, 1921, he applied for compensation, but made no claim for insurance. The application stated that he had earned about $2 per day, except for the last three months, but he testified that this statement was incorrect, and that he had been able to do but little since his discharge. He presented no medical testimony as to his condition, but brought a number of lay witnesses who testified to his general sickness but without much definiteness as to dates. The government records and the testimony of physicians sworn for the defense tended to show no total and permanent disability in March, 1919, or since. The case is a weak one, but we do not rule upon its sufficiency to go to the jury because a new trial must be granted and the evidence thereat may be different.

Over objection and due exception Buck was allowed to testify that, at the time of his discharge from the army, "they told him he had rapid heart, lungs out of shape and a spot on right lung." He again testified that a doctor told him he had inflammation of the lungs and spots on his lungs. It does not appear who made these statements, but in any case they are pure hearsay, with all the unreliability that attaches to such recitals by an interested witness of what was said long ago. The reports of examining physicians filed with the Veterans' Bureau, when duly identified and authenticated, are admissible as contemporaneous entries made in the course of duty. United States v. Timmons (C. C. A.) 68 F.(2d) 654. But the ex parte affidavit of a deceased physician is only hearsay. Seals v. United States (C. C. A.) 70 F.(2d) 519. The casual statements of unidentified persons are not admissible to establish the facts stated, nor would they be if attributed to examining physicians of the army. For error in admitting evidence, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.