## UNITED STATES v. MATORY.
### No. 5078.

Circuit Court of Appeals, Seventh Circuit.
June 21, 1934.

Paul F. Jones, U. S. Atty., and Walter E. Ackerman, Asst. U. S. Atty., both of Danville, Ill., for the United States.

Frank C. Smith, of East St. Louis, Ill., for appellee.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

Appellee was in the military service from August 3, 1918, to September 12, 1919. On August 8, 1918, he obtained war risk insurance in the sum of $10,000. This contract lapsed for the nonpayment of the monthly premium due October 1, 1919, or within thirty-one days thereafter, unless the soldier became totally and permanently disabled while his contract was in force. Appellee made claim for insurance to the Veterans' Bureau which was denied and he sued to recover. The cause was submitted to a jury which found for appellee and fixed the date of his total and permanent disability from November 1, 1919. A motion for a new trial was overruled and judgment was entered on the verdict, from which this appeal is taken.

The errors complained of may be grouped as: (1) Those involving the competency of appellee's medical witnesses and the failure of the court to permit appellant to break into the examination in chief of appellee's medical witnesses for the purpose of showing their incompetency. (2) Those involving the rulings of the court in permitting appellee's witnesses to testify as to his total and permanent disability without having explained to them the meaning of total and permanent disability. (3) The attempt of counsel for appellee to get incompetent testimony before the jury. (4) Appellant was denied the right to show that appellee was satisfied to live on his disability compensation.

The only issue involved in this case is whether or not appellee was totally and permanently disabled within the meaning of the war risk insurance contract within thirty-one days after the expiration of the period for which the last insurance premium was paid.

Dr. Homer Little, one of appellee's medical witnesses, was permitted to testify that

appellee was permanently and totally disabled without qualifying him as to the meaning of total and permanent disability when used in connection with this question and to state his opinion of appellee's condition at the time in question upon a consideration of the history of appellee's case taken by the doctor after suit had been commenced and but a few days before the trial. Appellee was not shown to be a patient of Dr. Little.

Appellee testified fully and in detail as to the time and place of the two abdominal surgical operations—one in France while in the service and the second after his discharge; the adhesions due to the operations which incapacitated him from the performance of substantial labor; the many government and private hospitals which he had visited in his effort to find relief and restitution; and all of the accompanying, intimate facts concerning his condition up to the time of the trial. Dr. Little testified in detail as to his physical examination of appellee, made after he had taken the history of the case, and admittedly based his conclusions upon those two sources of information. There was nothing either in the examination of appellee or the examination of Dr. Little which in any way tended to identify the facts disclosed in the history given for his consideration. In our opinion the fact background was not sufficient to permit of expert opinion and it was prejudicial error to permit Dr. Little's testimony to go to the jury. Delaware, L. & W. Co. v. Roalefs (C. C. A.) 70 F. 21; United States v. Nickle (C. C. A.) 60 F.(2d) 372; United States v. Frank Tyrakowski (C. C. A.) 50 F.(2d) 766; Greinke v. Chicago City Railway Co., 234 Ill. 564, 85 N. E. 327.

It was error to permit the medical witnesses of appellee to testify that he was totally and permanently disabled without qualifying them with a knowledge of the meaning of total and permanent disability in a suit upon a war risk insurance policy. Prevette v. United States (C. C. A.) 68 F.(2d) 112, 113; United States v. Sauls (C. C. A.) 65 F.(2d) 886, 887. What has been said with reference to the testimony of Dr. Little does not entirely apply to the other medical expert witness, Dr. Nolden. The latter based his deductions upon a physical examination of appellee and eliminated the history which he had taken of appellee's case from consideration in reaching his opinion. His opinion, however, was largely based upon the fact that no corporation or organization would hire a man with a potential hernia which, of course, is not the test.

The effort of counsel on behalf of appellee to get before the jury the fact that appellee was being paid disability compensation by the government was so persistent and prejudicial as to have fully warranted the trial court in declaring a mistrial and resetting the case. However, appellant here cannot complain of the rulings of the court upon this question because the government also sought to get the same evidence before the jury for the purpose of showing that the reason appellee had worked practically not at all since his discharge from the Army was because he was receiving disability compensation which was amply sufficient for his maintenance and that he did not want to work although physically capable.

In a suit upon a war risk insurance policy the issues involved arise out of a purely contractual relation and have no connection with, nor analogy to, disability compensation. The awarding of the latter involves entirely different legal principles. The mere fact that the government has awarded a soldier disability compensation proves nothing in a suit of this character, which must be disposed of entirely upon the contractual rights of the respective parties. Chrisman v. United States (C. C. A.) 61 F.(2d) 673.

The judgment is reversed and cause remanded, with direction to grant a new trial.