**BURBAGE v. UNITED STATES.**

No. 7875.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1935.

Rehearing Denied Dec. 10, 1935.

Clint W. Hager, C. N. Davie, and J. F. Kemp, all of Atlanta, Ga., for appellant.

Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to the Atty. Gen., and Lawrence S. Camp, U. S. Atty., A. Sidney Camp, Asst. U. S. Atty., and Slaton Clemmons, Sp. Atty., Bureau War Risk Litigation, all of Atlanta, Ga., for the United States.

Before SIBLEY and WALKER, Circuit Judges, and HOLMES, District Judge.

HOLMES, District Judge.

The appellant enlisted in the army of the United States on October 10, 1917, and was discharged on May 19, 1919. While in the service he obtained two policies of war risk term insurance aggregating $5,-000 in amount, and paid only enough premiums to keep it in force until July 1, 1919. It was stipulated in the court below that the sole question for decision was whether the plaintiff was totally and permanently disabled on or before July 1, 1919. That such is the sole question presented by this appeal, is stated in the briefs of both parties. The court below peremptorily instructed the jury to return a verdict for the defendant. Such an instruction, which was duly excepted to, necessarily searches the record for substantial evidence to support the appellant's claim of total and permanent disability within the life of his insurance contract. The government does not deny that the appellant's health was impaired during his military service, but contends, with reference to the two principal causes of disability, heart disease and pulmonary tuberculosis, that the former was not total and the latter not permanent.

A review of the evidence discloses that the appellant did not claim either total or permanent disability at the time of his discharge in May, 1919. On the contrary, he asserted that he was in good health, and had never been ill in his life, except that he had had a leaky heart for years, but had done track work, 100 and 200 yard dashes. In the opinion of the examining board, this heart condition existed at the time of entrance into the army, and was not aggravated by service therein. The Board's opinion was that he was not permanently disabled. There was a declaration by, the appellant on May 12, 1919, that he was not suffering from the effects of any wound, injury, or disease, and that he had no disability or impairment of health. His claim of total and permanent disability was not made until May, 1931, twelve years after his discharge. In the meantime, he had remarried his divorced wife, applied for compensation, claiming only a partial disability, and asking for vocational training to rehabilitate himself, had taken a two years' course in law, been admitted to practice, undertaken to practice, and sought a position as Assistant United States Attorney. In his application to the civil service commission for examination as Assistant Attorney on June 25, 1930, he said: "I feel I am qualified to render efficient service as an assistant attorney. I have been in the general practice of law for four years, since June 9, 1926. Have no special training for Interstate Commerce, but I know I can do the work."

On May 29, 1930, he reiterated these statements in a second application. On May 8, 1931, in an application to the civil service commission for an examination as

684

associate examiner, he said that the present state of his health was "fair," and related all he had done in the active practice of law for five years in Atlanta, practicing in all Georgia courts.

The insurmountable obstacle to appellant's recovery is his two years' work studying law, from 1924 to 1926. The reports on training of the appellant covering the time he was in the Atlanta Law School show that he worked from 6 to 8 hours every day, doing such work as abstracting titles, attending and observing procedure in criminal court, making calls regarding collections in all parts of the city, writing collection letters, looking up cases and assisting in making briefs, drawing up attachments in garnishment cases, drawing all deeds and bonds for titles, attending civil court, listing and rearranging law books in firm's library, typing various legal papers, drawing up papers in bankruptcy, studying for examinations at the law school, assisting members of the law firm in office work on various legal matters, and drawing up corporate charters. The reports show further that he worked energetically and persistently, fully met all requirements, made good in his work, and let nothing interfere with its progress. These reports carried a statement, certified to by the appellant and signed by him, to the effect that his physical condition permitted satisfactory progress in his present objective. The reports from December 1, 1924, to January 28, 1925, show that appellant worked every day performing various legal tasks, too numerous to be set out in detail here, but of a character that no one totally disabled could perform. There is much other evidence of the same kind. Dr. Z. S. Cowan, a witness for the plaintiff, who examined him in August, 1932, found him suffering from a slightly rapid heart, which would be "a slight vocational disability." His opinion was that Burbage had slightly active tuberculosis, but based this opinion on his temperature and a rapid pulse, and stated such pulse and temperature might have been the result of other causes. Dr. B. L. Shackelford, a witness for the plaintiff, who examined him on April 4, 1934, found no evidence of rales or anything to show activity, but there was a dullness, etc., "which would indicate chronic fibrosis or arrested tubercular condition of his chest." He said he could not do very active work; that anything requiring severe nervous taxation would tend to aggravate his con-

dition, but he closed on cross-examination by saying that in the spring of 1934, when he last examined him, "his lungs had cleared up." Dr. Cowan testified that plaintiff was able to do quiet mental work, if there was not too much worry.

On the whole, there is no evidence that appellant's tuberculosis has been active to any appreciable extent since he began his course in the law school in 1924. As the appellant's heart trouble is not a total disability, as he delayed bringing any suit for over twelve years, and as the only reasonable conclusion to be drawn from the testimony is that he now has an arrested case of pulmonary tuberculosis, we are of the opinion that he has failed to show by any substantial evidence that he has been totally and permanently disabled since July 1, 1919.

The judgment is affirmed.