## LUKE v. UNITED STATES.
### No. 8091.

Circuit Court of Appeals, Fifth Circuit.
July 14, 1936.

J. A. Roberts, of Douglas, Ga., for appellant.

824

T. Hoyt Davis, U. S. Atty., and H. Grady Rawls, Asst. U. S. Atty., both of Macon, Ga., and Slaton Clemmons, Sp. Atty., Department of Justice, of Atlanta, Ga., for the United States.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

On July 11, 1918, while appellant was in the military service of appellee, there was issued to him a certificate of war risk term insurance, which was kept in force through the month of March, 1919. He was discharged on March 10, 1919, and immediately accepted service as a civilian employee of the Army, which he held for two months.

On the trial he introduced evidence to the effect that during his period of enlistment he suffered from pulmonary tuberculosis; the diagnosis showing slight activity with no destruction of tissue. After a short period of hospitalization he was returned to duty; the report of the medical board showing his condition to be chronic, quiescent, and not disabling. The tubercular condition was noted in the examination for his discharge; reference being made to his former examination and treatment. The examining surgeon rated him as 70 per cent. disabled, in view of his occupation, but expressed no opinion as to the permanancy of this condition. Appellant's discharge papers contained a notation that his physical condition was poor. At the time of his discharge he signed a statement that he had no reason to believe that he was suffering from the effects of any wound, injury, disability, or impairment of health.

The proof does not show any recurrence of tuberculosis after discharge. The disability relied upon in this suit is neurasthenia. It appears that when he returned home after his discharge, appellant was in a somewhat emaciated condition; his acquaintances testifying that he had a strange look in his eyes and could not talk coherently. An examination made by a psychiatrist in May, 1921, showed him to be depressed, but with no delusions or hallucinations; orientation, memory, and retention, normal; insight and judgment, good. Hospitalization was recommended, and the diagnosis was neurasthenia. This report showed that the examiner expressed the further opinion that appellant was suffering from a vocational handicap, but that vocational training was not feasible. Other examinations made in April, 1923, and January, 1924, showed similar findings, except that appellant's condition was progressively worse under the more recent examinations; the last giving a diagnosis of neurasthenia post encephalitis, with no treatment recommended. He was given a rating of total and permanent disability for which compensation was allowed.

■ The case was tried to a jury and resulted in a verdict for defendant. Numerous errors are assigned as a basis for reversal, among others, that the evidence does not support the verdict. The sufficiency of the evidence was not questioned on the trial; both sides apparently assenting to the submission of the issues to the jury. In this state of the record the question is not presented here for review. Bank of Italy v. F. Romeo & Company (C.C.A. 9) 287 F. 5; McCannon v. United States (C.C.A.8) 22 F.(2d) 806. Appellant's failure to request a direction left the trial court the final arbiter of the question as to whether or not the verdict should be set aside because of insufficiency of evidence. Clements v. United States (C.C.A.9) 297 F. 206; Kennedy Lumber Co. v. Rickborn (C.C.A.4) 40 F.(2d) 228, 230. The motion for a new trial is addressed to the sound discretion of the court, and its ruling thereon may not be reviewed under such circumstances as are here involved. Lynch v. United States (C.C.A.5) 73 F.(2d) 316. Moreover, it appears that there was evidence to sustain the verdict, and, therefore, the court committed no error in entering the judgment or in overruling the motion for a new trial. Seals v. United States (C. C.A.5) 70 F.(2d) 519.

■ Errors are assigned relating to the exclusion of testimony of witnesses that they did not consider appellant able to perform any kind of labor except light work; that he was unable to perform certain duties while in the army; that his mind was not good; that he was not able to carry on regular work; and that witnesses did not think appellant was normal, but thought his mind was affected to some extent. In many cases it is difficult, even impossible, to determine when opinion shades into fact or fact into opinion. It is often impossible to interpret the words of a speaker without having been present when they were uttered and observed the expression of the speaker, as well as the conditions under which they were uttered. Therefore, a wide latitude is given to the trial judge to

determine what was intended or what impression was made by testimony orally given on the hearing. His ruling in such matters will not ordinarily be disturbed. Taylor v. United States (C.C.A.5) 71 F.(2d) 76; Connecticut Mutual Life Insurance v. Lathrop, 111 U.S. 612, 4 S.Ct. 533, 28 L. Ed. 536; 11 R.C.L. 601.

■ The witnesses, the partial exclusion of whose testimony is here complained of, were permitted to testify that plaintiff's physical appearance was not good; that he complained and was assigned to light duties; that he "looked feeble like"; that he "was in bad shape"; that "his eyes were dim"; that "he looked like he should have been in bed;" and other similar statements. It, therefore, appears that the court below was interpreting the words of the witnesses in the light of the conditions and circumstances under which they were uttered, and was admitting those which tended to show facts and excluding those which were mere opinions or conclusions. We cannot say that it committed error, and this record strongly indicates that it did not. Chateaugay Ore & Iron Company v. Blake, 144 U.S. 476, 484, 12 S.Ct. 731, 36 L.Ed. 510; Hamilton v. United States (C.C.A.5) 73 F.(2d) 357.

■ There is an assignment of error with reference to the exclusion of testimony of a witness that two doctors told him that plaintiff was disabled. This was clearly hearsay testimony, and was properly excluded. Harris v. United States (C.C.A.4) 70 F.(2d) 889; United States v. Buck (C. C.A.5) 70 F.(2d) 1007; United States v. Hill (C.C.A.9) 61 F.(2d) 651.

■ Complaint is made that the court permitted appellee to prove appellant's record of compensation since discharge. It is conceded that where failure to work is put forward as proof of inability to do so, such evidence is admissible (Jennings v. United States (C.C.A.5) 73 F.(2d) 470); that such evidence is also admissible in case the government finds a work record during the period of alleged total and permanent disability, and the plaintiff attempts to prove that the work was performed under the stress of necessity. Prevette v. United States (C.C.A.4) 68 F.(2d) 112. However, appellant contends that the evidence was not admissible under either of these conditions, since he did not allege or prove failure to work as evidence of his disability, and no work record was established by the government. The record here discloses very little direct testimony of work or nonwork. Also, there was a disclaimer by appellant of any intention to prove the alleged disability by evidence of his failure to work; but the inference that appellant did not work will ordinarily be drawn from evidence tending to show that he was unable to work. Cases no doubt occur where proof of the award of compensation can serve no purpose other than to prejudice the jury against the plaintiff (Chrisman v. United States (C.C.A.9) 61 F.(2d) 673), or in which it may give rise to an erroneous inference that, since the insured was rated as totally and permanently disabled, he was so disabled. United States v. Matory (C. C.A.7) 71 F.(2d) 798. In either situation it should be excluded; but in this case the evidence of his condition was conflicting; circumstances were shown which would support a finding that he was malingering; and the evidence was competent as tending to show that he had no incentive to work. The court in its charge limited the scope and effect of the testimony, and, so limited, it was not prejudicially harmful. Cockrell v. United States (C.C.A.8) 74 F. (2d) 151.

■ The court excluded the testimony of one witness, that compensation was based on the average earning capacity resulting or remaining after disability. The jury was fully charged as to how and under what circumstances compensation was paid, and, further, that the payment or nonpayment of compensation did not affect the rights of the parties under a contract of insurance. There was no error in the exclusion of this testimony. United States v. Golden (C.C.A.10) 34 F.(2d) 367; United States v. Thomas (C.C.A.4), 53 F.(2d) 192.

■ Several other assignments allege error in not charging the jury in accordance with written requests set out in the record. In its general charge the court covered the points involved in these requests. Therefore, the effect of the exception was to the refusal of the court to charge in the exact language of counsel, notwithstanding anything contained in the general charge. These special requests were couched in technical language, and it is doubtful if they would have been fully understood by the jury, if given. It was not error for the court to refuse them and to cover the same points in its general charge. The jury were fully and fairly instructed, we find no reversible error in the record, and the judgment is affirmed.