## UNITED STATES v. SMART.
### No. 8158.

Circuit Court of Appeals, Fifth Circuit.
Dec. 15, 1936.

Rehearing Denied Jan. 12, 1937.

FOSTER, Circuit Judge, dissenting.

Fendall Marbury and Wilbur C. Pickett, Sp. Assts. to the Atty. Gen., Keith L. Seegmiller, Atty., Department of Justice, and Julius C. Martin, Director, Bureau of War Risk, both of Washington, D. C., Thos. D. Samford, U. S. Atty., of Montgomery, Ala., and Allen Crenshaw, Atty., Department of Justice, of Birmingham, Ala.

Albert J. Pickett, Jr., of Montgomery, Ala., and John C. Walters, of Troy, Ala., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

**2**

HOLMES, Circuit Judge.

Appellee filed his petition in the court below to recover total and permanent disability benefits under a policy of war risk insurance on the basis of alleged mental incapacity occurring prior to May 31, 1919, the last date on which disability would have matured the policy. Both lay and medical testimony was introduced on the trial, and, without material conflict, it appears that appellant is constitutionally psychopathic, which is explained to mean that he is definitely peculiar and eccentric.

Appellee introduced the report of a medical examination by three physicians in August, 1919. This report was produced in court as a part of the Veterans' Administration file with reference to the insured, but there was no testimony to show that the doctors making the examination were employees of said Administration or in what capacity or for what purpose the report was made. Its identification was specifically limited to the fact that it was found in the file among letters and other documents relating to appellee's record and claim. The United States attorney objected to the introduction of this report, and error is assigned to the action of the court in overruling the objection and allowing it to be considered by the jury.

The evidence as to appellee's condition falls readily into three classes. Reports of medical examinations showed that appellant was a constitutional psychopath, but there was much conflict as to the extent to which he was affected, those made from 1923 to 1928 indicating a more serious condition. Later reports did not indicate any serious incapacity. The earlier ones, with the exception of that of August, 1919, were in accord with those covering the later period. That of August, 1919, did not give any neuropsychiatric diagnosis, but recommended that appellee be treated in an asylum as soon as possible.

Experts testified to having examined appellee and found a condition of psychoneurosis, and other conditions which were interpreted as not being of sufficient gravity to render him totally and permanently disabled.

Lay witnesses testified that appellee was changed after service; that since that time his conversation would often vary from the subject; that he was rude; that sometimes he suspected his friends of being his enemies; and that on occasions he had destroyed articles of value. Some of the witnesses testified that in their opinion appellee was of unsound mind, but this testimony varied as to the time, extent, and duration of his condition. However, when all of the lay testimony is considered with the testimony of the expert witnesses, there does not seem to be any material conflict. The former shows the peculiarities and eccentricities which make him psychopathic, while the expert testimony explains that his condition, while not necessarily disabling, has made social adjustment difficult.

Appellant's main contention is that the court erred in not instructing a verdict in its favor on the ground that the evidence was as consistent with the lack of total and permanent disability as with such disability, and that appellee failed to meet the burden of proof. Pennsylvania Railroad Company v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819; Eggen v. United States (C.C.A.) 58 F.(2d) 616.

On this point, it must be noted that the lay and expert testimony considered together fails to show total and permanent disability. The reports of medical examinations do not purport to show the presence or absence of disability, but state the findings of the physicians as to the appellee's condition at the time of the examinations. These reports show a condition from 1923 to 1928 which with the other evidence would warrant submission to the jury of the question of appellee's ability to follow a substantially gainful occupation, if that question were determinative. However, in order to recover, appellee must have shown by a preponderance of the evidence that he was totally and permanently disabled on May 31, 1919. None of the reports prior to 1923 tend to show this condition except the above report of August, 1919, which was objected to and objection overruled. If that report was admissible, it was for the jury to say whether or not appellee was totally and permanently disabled on the determinative date of May 31, 1919. If it was inadmissible, and be excluded from consideration, there was a period of about four years on which the proof is thoroughly consistent with ability to follow a gainful occupation. Therefore the question of whether or not the verdict should have been directed in favor of appellant turns upon the question of whether or not the report of August, 1919, was admissible in evidence.

The mere fact of the presence of the report of August, 1919, in the veteran's file does not render it admissible. In order to

be admissible in evidence, it must be established as within that class of official records or documents which are excepted from the hearsay rule. In this instance, there was a complete absence of such identification, and its admission was prejudicially erroneous. Seals v. United States (C.C.A.) 70 F.(2d) 519; United States v. Timmons (C.C.A.) 68 F.(2d) 654.

 Eliminating said prejudicial report, and considering the remaining evidence, we find no issue which could properly be submitted to the jury. Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977; O'Quinn v. United States (C.C.A.) 70 F.(2d) 599; White v. United States (C.C.A.) 53 F.(2d) 565. The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

FOSTER, Circuit Judge, dissents.

FOSTER, Circuit Judge, dissenting.