### UNITED STATES v. TAYLOR.
#### No. 8233.

Circuit Court of Appeals, Fifth Circuit.
Feb. 6, 1937.

Randolph C. Shaw, Sp. Asst. to the Atty. Gen., and Julius C. Martin, Director, Bureau, War Risk Litigation, of Washington, D. C., and Ben F. Roberts, U. S. Atty., and J. Fair Hardin and Whitfield Jack, Asst. U. S. Attys., all of Shreveport, La., for the United States.

Wade Kitchens, of Magnolia, Ark., and Robert F. Kennon, of Minden, La., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment entered on the verdict of a jury in favor of appellee, the insured in a policy of war risk insurance. The sole question presented is whether the evidence supports the finding that the insured became and was totally and permanently disabled during the period of insurance protection, which expired on July 31, 1919.

The complaint alleged total and permanent disability, resulting from loss of an eye, gunshot wounds, chronic bronchitis, pulmonary tuberculosis, general weakness, nervousness, difficult breathing, and heart trouble, produced by shrapnel and gas while in service. It is not contended that any of the foregoing constitute total and permanent disability, except the lung, heart, and nervous condition.

Appellee was discharged from service on a surgeon's certificate of disability on May 28, 1919. In 1925 he was hospitalized for tuberculosis, which was later shown to be arrested. There was testimony that, immediately after his discharge, he suffered night sweats, nervousness, and difficulty in breathing. One physician testified for appellee that, from an examination made in 1936, he considered appellee disabled on account of his heart and lung condition.

Beginning in September, 1919, appellee took vocational training for 38 months, after which he was declared rehabilitated, and was given a certificate of proficiency as an automobile mechanic. He followed this trade intermittently for about a year. During the period from 1919 to 1936, he had numerous examinations by government physicians, none of which disclosed a condition which would warrant a finding of

total and permanent disability at the time of the examination. During the period of vocational training, he made no complaint to the examining physicians of the conditions which he now contends render him totally and permanently disabled. During training and thereafter, he has received at least $50 per month partial disability compensation. The arrest of his tubercular condition was effected, notwithstanding his failure to observe some of the important rules of treatment.

The evidence from which the jury drew the inference of total and permanent disability on July 31, 1919, if considered alone, would not establish such fact with reasonable certainty. As against such evidence, the proof submitted by appellant demonstrated clearly that such a conclusion was untenable. United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; Burbage v. United States (C.C.A.) 80 F.(2d) 683; United States v. Mintz (C. C.A.) 73 F.(2d) 457; Bridges v. United States (C.C.A.) 67 F.(2d) 320; United States v. Martin (C.C.A.) 54 F.(2d) 554.

The burden of proof was on appellee. Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977. Since he did not meet this burden, the evidence was not sufficient to go to the jury, and its verdict is not sustained thereby. Wherefore, the cause is reversed and remanded for further proceedings not inconsistent with this opinion.