494

## EARWOOD v. UNITED STATES.
### No. 8248.

Circuit Court of Appeals, Fifth Circuit.
June 2, 1937.

See, also, (C.C.A.) 76 F.(2d) 557.

Wm. T. Townsend, of Cartersville, Ga., and Thomas Howell Scott, of Atlanta, Ga., for appellant.

Thomas E. Walsh, Julius C. Martin, and Wilbur C. Pickett, Attys., Department of Justice, all of Washington, D. C., and Slaton Clemmons, Atty., Department of Justice, Lawrence S. Camp, U. S. Atty., and A. Sidney Camp, Asst. U. S. Atty., all of Atlanta, Ga., for the United States.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit brought by the guardian of an insane person to recover on a policy of war risk insurance, issued to him while serving as a soldier in the armies of the United States, on the ground that the policy matured through his becoming totally and permanently disabled because of insanity. Error is assigned to the direction of a verdict for defendant.

The policy lapsed for nonpayment of premiums on August 31, 1919. Demand for payment of installments under the policy was not made until February 26, 1925, more than five years after the policy lapsed. Payment was refused on April 23, 1925. Suit was not brought on the policy until July 3, 1931, nearly six years thereafter. It would serve no good purpose to extensively review the evidence. It tended to show that after his return from the army the insured was nervous and irritable, contrary to his usual demeanor before he was inducted into service. However, he had no medical treatment for his mental condition until long after the policy lapsed, and was able to pursue his previous vocation as a farmer to some extent. We agree with the District Court that appellant did not sustain the burden of proving with reasonable certainty that the insured became totally and permanently disabled so as to mature the policy before payment of premiums ceased. Lumbra v. U. S., 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; U. S. v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; Miller v. U. S., 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977.

The record presents no reversible error. Affirmed.