### GILMORE v. UNITED STATES. *
#### No. 8430.

Circuit Court of Appeals, Fifth Circuit.
Jan. 7, 1938.

*Rehearing denied Feb. 21, 1938.

The action was begun in the District Court in January, 1932. It appears from the evidence that the insured was finally discharged from active duty in the United States Naval Reserve Force on October 25, 1920; that while in the service he obtained war risk insurance which continued in force until December 31, 1920, on which date the protection terminated because of nonpayment of premiums unless the insured was then totally and permanently disabled; and that the insured was adjudged insane on June 22, 1926.

The documents, the partial exclusion of which is assigned as error, are reports made by examining physicians in June, 1926, and May, 1927. The diagnosis on each report was admitted in evidence, but the history of the case, related for the most part by the veteran himself, was excluded. The documents were merely produced from the administration file by the custodian thereof, and the appellee insists that they were not sufficiently identified; that these files contain all kinds of instruments from wills and powers of attorney to unsigned office memoranda; that they are often made bulky with letters and statements from friends and neighbors seeking to assist the veteran in obtaining compensation or insurance benefits; and that the mere production of an instrument therefrom is not enough to identify it as a public record. Because we think the court committed no error of which the government may complain in admitting the diagnosis on each report and excluding the history of the case as related to the physician by the insured, we shall pretermit any discussion as to the sufficiency of the identification, and deal only with the admissibility of the instruments upon the assumption of their proper identification as reports made by government physicians in pursuance of official duty.

Edgar Webster, of Memphis, Tenn., for appellant.

George T. Mitchell, U. S. Atty., of Tupelo, Miss., Lester M. Sack, Asst. U. S. Atty., of Clarksdale, Miss., Tarver McIntosh, Atty., Dept. of Justice of Jackson, Miss., and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., for the United States.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment entered on the verdict of a jury in an action on a policy of war risk insurance. The questions presented relate to the admissibility of certain documents offered in evidence which were partly excluded by the court; to the correctness of the court's charge with reference to the burden of proof; and to the sufficiency of the evidence to sustain a verdict for appellant.

An old and well-settled rule permits the introduction in evidence of an entry in any official record, book, or register kept for the purpose of being referred to by the public, stating a fact in issue or relevant thereto, and made in proper time by a competent person in the discharge of a duty imposed by a law of the place where the record is kept. Under such circumstances, the existence of the entry is considered a relevant fact. See Reynolds' Stephen on Evidence, 4th Ed., art. 34, citing 1 Greenleaf on Evidence, §§ 483, 484, 485, 493, 494, 495. It was said that this extraordinary

confidence was placed in the records because of the publicity of their subject-matter and the fact that they had been made in the course of duty by the authorized and accredited agents of the public appointed for that purpose. Reynolds on Evidence, 4th Ed., § 32. Evanston v. Gunn, 99 U.S. 660, 25 L.Ed. 306.

After the case of Evanston v. Gunn, supra, it was not necessary that the record be a part of a book or document kept exclusively for the preservation of a particular class of information; but it was sufficient if the document was preserved according to legal requirements, even if lodged with other records and memoranda. Such a relaxation of the rule is necessary under the modern practice of loose-leaf filing of original documents, if its efficacy is to be preserved. Each document must meet the tests heretofore required of an official record, book, or register. In a well-reasoned opinion, the Fourth Circuit found that the record of a diagnosis by a government physician, made in the course of his official duty and appearing in the administration file as such, would come within the rule and be admissible; but that the record of the history of the patient was incompetent, being no more than self serving declarations, or the relation of past events. We concur in this ruling, since none of the reasoning by which the diagnosis is admitted is applicable to the memoranda of the history of the case as related by the patient or other persons. Cf. United States v. Timmons, 5 Cir., 68 F.2d 654; Seals v. United States, 5 Cir., 70 F.2d 519; United States v. Smart, 5 Cir., 87 F.2d 1.

In its charge, the court instructed the jury that, in civil cases, ordinarily a person who asserts a right against another comes into court with the burden of proving it by a preponderance of the evidence, but that in the instant case, since the record disclosed a considerable delay in making demand for payment of the insurance, the plaintiff had the burden of proving her case by "clear and convincing evidence." The action of the court is assigned as error, and we think the assignment is well taken, because the burden was on the plaintiff to prove her case by only a preponderance of the evidence.

The vice in the instruction seems to be in confusing the burden which lies upon a plaintiff to establish the facts which constitute the cause of action, and the duty of going forward with the evidence to rebut a presumption which arises from facts proven on the trial. The former rests upon the party who substantially asserts the affirmative of the issue, the latter upon the one against whom an unfavorable inference has been deduced from the testimony. The burden of proof never shifts, but the duty of rebutting presumptions, drawn by a process of probable reasoning from one or more matters of fact appearing in evidence, may shift during the progress of the trial from one party to the other. An unexplained delay in bringing suit may warrant a jury in presuming a lack of merit in a plaintiff's cause of action. Such is not a presumption of law, but of fact derived from the circumstances of the particular case.

The processes of probable reasoning in drawing the presumption and in weighing the evidence to overthrow it are matters for the jury, under proper instructions from the court. Such presumptions are used by judicial tribunals in the absence of actual certainty as to the truth, but they yield readily to the evidence. When the presumption is against the plaintiff, there is no shifting either of the burden of proof or the duty of going forward with the evidence, because the plaintiff starts out under both the burden and the duty aforesaid. As the trial progresses, an additional burden may be placed upon him to overcome unfavorable presumptions derived from facts in evidence. For instance, it has been held that an unexplained delay in bringing suit is strong evidence against the plaintiff, and places upon him the burden of overcoming it by clear and satisfactory evidence. In Lumbra v. United States, 290 U.S. 551, at page 560, 54 S.Ct. 272, 276, 78 L.Ed. 492, the Supreme Court said: "And in the absence of clear and satisfactory evidence explaining, excusing, or justifying it, petitioner's long delay before bringing suit is to be taken as strong evidence that he was not totally and permanently disabled before the policy lapsed."

In the instant case, however, dementia præcox is the alleged cause of disability, and the usual presumption derived from delay in filing suit does not logically arise where the cause of action has accrued to the insured by reason of insanity. The fact of unexplained delay for a decade is strong evidence against the insured, because human experience teaches us that the ordinarily prudent person strives more diligently to obtain his due; but an inference

drawn by a process of probable reasoning from the conduct of an ordinarily prudent person does not rationally follow from the same conduct of one who is insane. If it appeared from a preponderance of the evidence that, on December 31, 1920, the insured was totally and permanently disabled because of insanity, the delay was not wholly unexplained; and, by the common experience of mankind, no inference therefrom against appellant was necessarily deduced.

For the reasons given, we think the court erred in its charge with reference to the burden of proof; but its action is not reversible error in this case because, under the facts, a peremptory instruction to the jury to find for the defendant should have been given. On the trial, appellant produced one medical witness who testified that, in his opinion, the insured was suffering from dementia præcox at a time when he made an examination in 1919; but when the testimony of this physician is analyzed in the light of his own conduct and findings, it does not tend to prove or disprove the ultimate issue. It appears that he was not a specialist at the time this examination was made, and when he gave insured a diagnosis of neuro-circulatory asthenia, a condition which is neither permanently nor totally disabling. The same witness examined the veteran again in 1924, at which time his findings indicated pulmonary tuberculosis, but aroused no suspicion of any nervous or mental disorder. The testimony of this witness was based on his own findings, and the history of the case that he obtained at the time of the various examinations. While he now testifies as an expert that he believes insured was suffering from the malady in 1919, his testimony shows that he was unable to reach this conclusion at that time, later in 1924, or at all until after the patient had been adjudicated insane. The record shows that dementia præcox of the type here involved usually has its inception in a predisposition at birth, and advances by progressive steps until all mental processes are inhibited. The witness does not say to what degree the disease of dementia præcox had progressed in 1919. So that, even if accepted without discount, because of the lapse of time and inconsistent conduct of the witness, his testimony does not tend to prove that insured was totally disabled from following any substantially gainful occupation prior to the crucial date of December 31, 1920.

Other witnesses introduced by appellant, whose testimony relates to the condition of the insured prior to the crucial date, show that he was of a nervous disposition and violent temper; was a heavy gambler and was disrespectful to close relatives; and that he was engaged in farming operations and trading in livestock. Unusual as his conduct may have been, when all of the evidence is considered together it is not sufficient to enable a reasonable man to say with any degree of certainty that the insured was totally and permanently disabled within the meaning of the policy. Therefore, it is not sufficient to sustain a verdict for appellant, and a directed verdict should have been given for appellee. Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977; United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; Earwood v. United States, 5 Cir., 90 F.2d 494; United States v. Cochran, 10 Cir., 63 F.2d 61.

There being no reversible error in the record, the judgment of the district court is affirmed.

HUTCHESON, Circuit Judge (concurring specially).

I concur in the rulings the majority opinion makes: (1) That the exclusionary ruling on the evidence was not error; (2) that the instruction in the charge, that the plaintiff had the burden of proving her case by clear and convincing evidence, was; and (3) that this error was not reversible because under the facts, a peremptory instruction to the jury to find for the defendant should have been given.

I do not agree with some of the reasoning of the opinion which, discussing jury processes not before us for decision, apparently draws a distinction between a dementia præcox case and cases in which other disabilities are claimed.

In my opinion, none of this discussion is pertinent, for the complained of charge could never be proper in any war risk case. In all such cases without distinction, as in civil cases generally, the burden is on the plaintiff to prove the material facts constituting his cause of action, by a preponderance of the evidence only. It would be error to charge him with a heavier burden.