UNITED STATES v. WARE.

No. 9159.

Circuit Court of Appeals, Fifth Circuit.

March 26, 1940.

740

Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., and Harvey

G. Fields, U. S. Atty., and Malcolm E. Lafargue, Asst. U. S. Atty., both of Shreveport, La., for appellant.

Charles A. McCoy and Sam H. Jones, both of Lake Charles, La., for appellee.

Before HOLMES and McCORD, Circuit Judges, and MIZE, District Judge.

MIZE, District Judge.

Appellee entered the United States Army on April 24, 1918 and was discharged on June 24, 1918. He applied for and obtained on May 6, 1918 a War Risk term insurance policy in the sum of $5,000. Premiums on this policy were paid for the months of May and June, 1918 and under the terms of the grace period the policy expired July 31, 1918, unless on that date he was totally and permanently disabled from following continuously any substantially gainful occupation. He applied for disability benefits for the first time on June 18, 1931. This application was rejected August 26, 1931. Plaintiff filed his suit in the District Court on September 11, 1937, in which he alleged that his policy had matured by reason of his total permanent disability on or before June 24, 1918 and alleged that his disabilities were myocarditis, hypertension, cardiac hypertrophy, bronchitis, nephritis, valvular heart disease, and other diseases, disabilities and ailments, inducing arteriosclerosis and other disturbances.

Issue was joined upon the question as to whether or not he was totally and permanently disabled on or before July 31, 1918. Upon the trial of these issues the jury found for the appellee and judgment was entered accordingly.

The question presented to this court is whether or not there was sufficient evidence to authorize the court below to submit the question to the jury. The proof shows rather conclusively that at the time of the filing of the suit and for sometime prior thereto he was totally and permanently disabled, but it wholly fails to show that at the time of the lapse of the policy on July 31, 1918 he was totally disabled. On the contrary, the record affirmatively shows without dispute that for a period of ten years he did follow a substantially gainful occupation without very much interruption, and earned continuously an average monthly income of $60 per month. Before he entered the army he was a day laborer, engaged principally in work around sawmills and did heavy work.

The government contended in the court below that at the time he was inducted into the service he was suffering with some form of heart trouble. However, he was admitted to the army after passing a physical examination and entered upon the usual duties and functions of a soldier. After he entered the military service and while on his second hike, he fell out with some kind of stroke and was carried to the base hospital and there remained forty days without being required to do any further drilling of any kind, and was then discharged from the service. The surgeon's certificate of discharge recorded that he was suffering from myocarditis and that in view of his occupation he was rated at that time as being one-half disabled from earning his subsistence. He soon returned home and remained in bed for some twenty days, then commenced work for a Mr. Pearce, who operated a garage. He narrates his conversations with Mr. Pearce in the following language: "So I come up on Ryan Street and asked Mr. Pearce for a job and he told me 'What can you do.' I said, well I am not a mechanic. I never done no kind of work like this, but I want to try to do something. I said, I am sick, but I want to do something that I can make a living at." Thereafter Mr. Pearce gave him a job of doing light work around the garage. He testified that he was not able to work continuously and that at times he would get off weeks at a time that he could not do anything. However, the record shows without dispute that he was paid continuously throughout a period of ten years at a rate of approximately $60 per month without interruption. His duties working for Mr. Pearce were composed of sweeping, answering the telephone, handing wrenches to the mechanic, and other light work of that nature. He did not do any heavy work.

He has not done any kind of work since 1928, except that during the year 1932 he owned a Plymouth sedan which he operated as a taxi cab, but in which business his boy did most of the work. In the operation of the taxi business he averaged from $5 to $7 per week.

Appellee was examined by Dr. Kushner, a general practitioner, sometime in 1921 and in 1922. He stated that he examined him at various times since and found his blood pressure was high and that he has heart disease; at times you could tell definitely that he has valvular heart disease and at other times it could not be told. In the opinion of the doctor his ailment is myocarditis. That at times appellee was worse than at others, and that in his opinion he was not in shape at any time to do hard manual labor. The doctor was asked if he would be able to express in anything like a definite opinion, having examined the man in 1921 or 1922, as to what his condition was in July, 1918, and answered that he could not; that heavy work would have been injurious to him and he believed that there were occasions when the light work had hurt him, but a person with myocarditis can do some light work, if it does not require too much exertion.

There was other medical testimony on behalf of the plaintiff showing that the plaintiff was suffering from myocarditis as far back as 1918. Among others who testified was Dr. Clements, but he stated that he could not say that the work that appellee had done during the ten year period had hurt him any. All the medical testimony was in accord that myocarditis is permanent, and will prevent one from doing heavy work.

The fact that the appellee was partially disabled does not entitle him to a judgment under a War Risk insurance policy. The decisions to the effect that in order to recover on a War Risk insurance policy the disability must be permanent and total are so numerous that it is almost needless to cite them. When the record of one of these claimants under such a policy shows without conflict that he has in truth and in fact followed a substantially gainful occupation continuously over a long period of time, he is not entitled to recover. His work record, when shown to be substantial, and without injury, overcomes the testimony of experts that he was not able to work. United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Alvord, 1 Cir., 66 F.2d 455; United States v. Taylor, 5 Cir., 87 F.2d 994. It is true that an occasional period of work done by claimant is not sufficient to negative total permanent disability when there is medical evidence or other evidence tending substantially to show permanent total disability, but when he works for a substantial length of time without injury and compensation is shown in any great amount, then these factors outweigh expert opinions.

■ Permanent partial disability is not sufficient to justify recovery. Lumbra v. United States, supra; United States v. Spaulding, supra; Hoskins v. United States, 5 Cir., 100 F.2d 343; United States v. Owen, 5 Cir., 71 F.2d 360; United States v. Brewer, 5 Cir., 97 F.2d 899. If the insured is able to follow any substantially gainful occupation and occasionally does follow it, then it cannot be said that he is totally and permanently disabled. Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977. The test in determining whether a claimant is totally and permanently disabled is not whether he is able to follow the occupation in which he was engaged prior to entering the service, but the question is whether or not he is able to follow any substantially gainful occupation continuously. Miller v. United States, supra; United States v. Timmons, 5 Cir., 68 F.2d 654.

■ The record discloses that the appellee began work for Mr. Pearce sometime in August, 1918 and worked continuously there until 1928. In 1928 he was granted compensation and then stopped work until 1932, when his compensation was discontinued. He did not file his claim for benefits under his insurance policy until June 18, 1931. His failure to make claim during all these years does not comport with a belief on his part that he in truth and in fact was totally disabled, and this failure to make claim earlier is a strong circumstance against his right to recover. Miller v. United States, supra; Lumbra v. United States, supra; United States v. Brewer, supra.

■ The test, of course, as to whether or not one is totally and permanently disabled is not whether the plaintiff actually followed a substantially gainful occupation, but whether he was able to do so. United States v. Stewart, 61 App.D.C. 115, 58 F.2d 520; United States v. Dupire, 8 Cir., 101 F.2d 945; United States v. Hartley, 9 Cir., 99 F.2d 923; United States v. Hill, 9 Cir., 99 F.2d 755; and many other authorities that could be cited. However, when the record discloses that one did follow a substantially gainful occupation over a long period of time without serious detriment to his health, then he is not entitled to recover. The record in this case discloses that the appellee did, as a matter of fact, follow a substantially gainful occupation over a long period of time without

seriously impairing his condition, and the court below should have directed a verdict for the government.

■ There are other errors assigned and alleged to have occurred in the court below which we will notice. A medical witness for the plaintiff was permitted to express an opinion, over the objection of the government, that the plaintiff was totally disabled on June 24, 1918, or within thirty days thereafter. The objection to this question should have been sustained. One of the ultimate questions to be determined by the jury was whether or not the appellee was totally disabled. The courts have held repeatedly that it is not permissible for an expert to give his opinion upon the ultimate question to be determined by the jury. This is fully discussed by this court in the case of Hamilton v. United States, 5 Cir., 73 F.2d 357, and we will not enlarge on that discussion. It was error to permit the doctor to express his opinion on this ultimate question. See also United States v. Spaulding, supra.

■ The government offered certified copies, under seal of the Veterans' Administration, of reports of government physicians made in the usual and ordinary course of their examinations. This was objected to upon the ground that it was not shown that the doctors who made the reports were not available and that they should be called in order to permit the plaintiff to cross examine. The objection was sustained. This was error. The findings of fact and diagnoses shown on these examination reports made by the government physicians in the performance of their official duties, when properly authenticated, are admissible as an exception to the hearsay rule. The question has been settled in this circuit, as well as in other circuits. United States v. Smart, 5 Cir., 87 F.2d 1; United States v. Timmons, 5 Cir., 68 F.2d 654; United States v. Buck, 5 Cir., 70 F.2d 1007; Burak v. United States, 9 Cir., 101 F.2d 137.

■ One of the plaintiff's medical witnesses was permitted to testify, over the objection of the government, that the plaintiff could not have secured employment with any industrial concern required to carry Workmen's Compensation Insurance. This was error. Appellee might not have been able to have secured employment with any industrial concern required to carry Workmen's Compensation Insurance, yet

that would not be a circumstance tending to show that he was totally disabled and was immaterial. United States v. Matory, 7 Cir., 71 F.2d 798; United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977. Likewise, the testimony of the plaintiff himself that he had been classified as permanently and totally disabled by the Veterans' Administration was incompetent and immaterial. The question whether he was totally and permanently disabled or not was the ultimate question for the jury to determine and the opinion of the Veterans' Administration was incompetent. Lockett v. United States, 5 Cir., 86 F.2d 1; Luke v. United States, 5 Cir., 84 F.2d 823; McNally v. United States, 8 Cir., 52 F.2d 440.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.