**WALKER v. UNITED STATES.**

No. 10082.

Circuit Court of Appeals, Fifth Circuit.

Sept. 3, 1942.

F. Lewis Peyton, of Jackson, Miss., for appellant.

Thomas E. Walsh and Wilbur C. Pickett, Attys., Department of Justice, and Julius C. Martin, Director, Bureau of War Risk Litigation, all of Washington, D. C., Toxey Hall, U. S. Atty., of Jackson, Miss., and Stewart C. Broom, Asst. U. S. Atty., of Jackson, Miss., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Robert DeWitt Walker, after having cerebro-spinal meningitis in the army, was discharged Dec. 23, 1918, and he allowed his war risk insurance to lapse the next month. He first made claim thereon Nov. 1, 1930, and the claim was denied Aug. 24, 1931. His suit, filed April 29, 1932, was tried to a jury on its merits in 1941. The verdict was against him. He appeals from the resulting verdict.

Walker made no motion for a verdict. Therefore we have no duty to appraise the evidence. Luke v. United States, 5 Cir., 84 F.2d 823. We have, however, satisfied ourselves that it authorized a finding

that at the date the insurance lapsed Walker was not totally and permanently disabled. He claimed compensation in 1921 for partial disability only, and obtained it. Afterwards for three years he was given vocational training in farming, and was paid $100 per month. He earned as driver of a school bus for a time as high as $156 per month. He married in 1926, and his wife said she noticed nothing wrong with him during the courtship preceding. In an application for commercial insurance in 1928 he represented himself as in good health. A physician testified that in his opinion Walker was not totally disabled even in 1930. While explanations were attempted of these things, and there was contradiction too, the matter was for the jury. There were no exceptions taken to the charge. The complaints now made present no serious questions. We find the charge a fair presentation of the case to the jury, with a positive warning to the jury to take no notice of anything the judge may have said indicating his opinion of any evidence, the duty of weighing it being wholly theirs.

We have looked at the judge's remark that if the written statements of work done by Walker while at vocational training, on which he was paid, were false by collusion with the supervisor of the work, as Walker said, the supervisor ought to be indicted. This would better have been left unsaid, but we think is not ground for a new trial, particularly as no objection was made, no motion for any mistrial, or instruction to the jury about it. So the judge's questions to Walker about his testimony that he knew his statement of good health in the insurance application was false when he made it, might better have been left to counsel, but they were not improper questions, and are no ground for new trial.

The reports of work done on vocational training, and the pay claimed and paid, were allowed over objection. The identification and proof of these writings were waived by a stipulation that all documents in the file might be used, reserving only the question of admissibility. These reports were made in the course of duty and were part of the records of the Veterans' Administration. They were admitted to show income which rendered it unnecessary for Walker to try to work otherwise, a long period being covered. The evidence was admissible. Jennings v. United States, 5 Cir., 73 F.2d 470; Luke v. United States, 5 Cir., 84 F.2d 823; United States v. Taylor, 5 Cir., 87 F.2d 994; United States v. Buck, 5 Cir., 70 F.2d 1007; United States v. Timmons, 5 Cir., 68 F.2d 654.

Walker thereupon argues that it was error to exclude a certificate, also in the file in duplicate, the material part of which is: "Washington, D. C. Aug. 9, 1922. This is to certify that the records of the United States Veterans' Bureau show that Robert D. Walker was discharged or resigned from active service of the United States on Dec. 23, 1918, and that a medical examination made on July 15, 1921 * * * shows that at the time of discharge * * * he was suffering from sequela cerebro-spinal meningitis, which injury is likely to result in death or disability. Subject to the provisions of the War Risk Insurance Act and amendments thereto, compensation shall be payable for death or disability whenever occurring, proximately resulting from said injury. C. R. Forbes, Director." This plainly relates to compensation, and not to insurance, and as a determination that compensation may be due for a service connected disability, it has no relevancy to insurance. It does not even determine that a disability existed, but only that a condition of health in service was likely to result in disability, and if it did, compensation would be due. The medical examination referred to on which the examination is based, was admitted, as it should have been. The Director was not a physician, giving a medical opinion on the facts disclosed, but a law officer moving to fix a liability different from that here involved. His determination was irrelevant and properly excluded. United States v. Ware, 5 Cir., 110 F.2d 739; Luke v. United States, 5 Cir., 84 F.2d 823; Lockett v. United States, 5 Cir., 86 F.2d 1.

Other minor assignments of error we find without merit.

Judgment affirmed.